CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey
Carlos Holguín
256 S. Occidental Blvd.
Los Angeles, CA 90057
Telephone: (213) 388-8693

ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
Michael Rubin
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151

ASIAN LAW CAUCUS
Ivy Lee
720 Market Street
San Francisco, CA 94102
Telephone: (415) 391-1655

GIBBS, HOUSTON & PAUW
Robert H. Gibbs
Robert Pauw
1000 Second Ave. Suite 1600
Seattle, WA 98104
Telephone: (206) 224-8790

**FILED**
JAN 23 2004
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

**LODGED**
JAN 21 2004
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CATHOLIC SOCIAL SERVICES, INC.,— IMMIGRATION PROGRAM, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> TOM RIDGE, SECRETARY U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL., <br><br> Defendants. | Case No. Civ S-86-1343-LKK <br><br> ORDER APPROVING SETTLEMENT OF CLASS ACTION <br><br> [Proposed] <br><br><br> Hearing: January 23, 2004. <br> Time: 10:00 a.m. |

This matter is before the Court pursuant to the parties' Joint Motion to Approve Settlement of Class Action. The Court has read and considered the parties' motion, the comments and objections of putative class members to the proposed settlement, and the parties' joint response to those objections. The Court finds that the proposed settlement fully and fairly resolves the claims of class members herein and that it should accordingly be approved.

Rule 23(e) of the Federal Rules of Civil Procedure provides: "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs."

"Although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable." *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983). It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992), *cert. denied*, 506 U.S. 953 (1992). There is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Id.*

Applying these standards to the settlement before it, the Court begins by noting that this matter has been vigorously litigated for over 17 years. There is no suggestion of collusion between the negotiating parties to the detriment of absent class members. *See Officers for Justice, supra*, 688 F.2d at 625 ("the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties...").

The parties have notified the class of their settlement in accordance with the

Court's order. *See* Order re: Settlement of Class Action, September 23, 2003. The period to object to the settlement ended on December 29, 2003. *Id.* Though the precise size of the certified class is unknown, it undoubtedly comprises thousands of class members. As of January 12, 2004, two putative class members Mohammad Z. Shah and Carlos Aragon Hurtado, have objected to or commented on the settlement.

Mr. Hurtado does not object to the settlement, but instead writes that the Immigration and Naturalization Service (INS) denied him legalization under the IRCA's Special Agricultural Worker Program (SAW). *See* 8 U.S.C. § 1160. For the reasons set out in the parties' Joint Report re: Objections to Settlement of Class Action, filed January 20, 2004, the Court finds that nothing in Mr. Hurtado's comment warrants the Court's disapproving the settlement.

Mr. Shah asserts, among other things, that he was refused entry into the United States when he returned from a trip abroad in 1998 despite being granted advance parole. He objects that the settlement will not benefit individuals in his circumstance: *i.e.*, persons who are not now present in the United States despite having been granted advance parole.

The parties disagree over whether individuals in Mr. Shah's circumstances will benefit under the settlement: Plaintiffs contend that Mr. Shah and those similarly situated will be entitled to apply for class membership pursuant to the settlement and, if they establish class membership, to pursue their applications for legalization under 8 U.S.C. § 1255a. Defendants assert that persons outside the United States are also outside the scope of the settlement. The Court finds it unnecessary to resolve this disagreement.

Mr. Shah states that he departed the United States pursuant to advance parole, and if this is so he could arguably avail himself of the procedure set out in 8 C.F.R. § 245a.2(m)[1] to seek readmission to the United States. *See Reno v. Catholic Soc. Servs.*, 509

---

[1] 8 C.F.R. § 245a.2(m)(1) provides:

U.S. 43, 67 n.29 (1993) (in this case class members "applied" for legalization at the time they were front-desked or constructively front-desked). Should defendants readmit him, then their argument for denying him the benefits of the settlement would be moot. Further, in any settlement as complex as that before the Court, there is the potential for differing interpretation. The settlement itself anticipates such disagreements and establishes procedures for their resolution. See Settlement ¶¶ 8-9, 18.

At this juncture, Mr. Shah does not appear to have asserted his rights, if any, under 8 C.F.R. § 245a.2(m); he has not yet applied for class membership; defendants have not yet denied him benefits under the settlement; nor has he yet availed himself of the settlement's dispute resolution procedures. The claims of Mr. Shah and those similarly situated will be fit for judicial resolution when and if defendants deny them the benefits of the settlement because they are outside the United States. It is neither necessary nor appropriate that the Court resolve such potential claims now. *Cf. Reno v. Catholic Social Services*, 509 U.S. 43, 58-59 & n.19 ("[A] class member's claim would ripen only once he took the affirmative steps that he could take before the INS blocked his path by applying the regulation to him.").

Yet even assuming, *arguendo*, that Mr. Shah were excluded from its coverage, a question this Court does not resolve at this time, the settlement would nevertheless satisfy Rule 23. As has been said, the test under Rule 23 is whether the settlement *taken as a whole*, rather than the individual component parts, is fair. *Class Plaintiffs v. City of Seattle, supra*, 955 F.2d at 1276. "Ultimately, the district court's determination is nothing more than 'an amalgam of delicate balancing, gross approximations and rough justice.'"

---

During the time period from the date that an alien's application establishing prima facie eligibility for temporary resident status is reviewed at a Service Legalization Office and the date status as a temporary resident is granted, the alien applicant can only be readmitted to the United States provided his or her departure was authorized under the Service's advance parole provisions contained in § 212.5(f) of this chapter.

*Officers for Justice, supra*, 688 F.2d at 625 (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 468 (2d Cir. 1974)).

Were the Court to disapprove the settlement because defendants may oppose the claims of what the parties agree is a minuscule number of putative class members who are no longer in the United States, thousands of class members who reside in the United States at the time they apply for class membership and have a vital interest in the settlement would be denied crucial benefits and compelled to continue a 17-year litigation to an uncertain conclusion. Weighing these relative costs and benefits, the settlement clearly meets the requirements of Rule 23.

Based on the foregoing, and for the reasons set forth in the parties' Joint Motion to Approve Settlement of Class Action, the Court finds that the settlement is fundamentally fair, adequate and reasonable. Accordingly,

IT IS HEREBY ORDERED that the settlement is approved.

Dated: 1/23, 2004.

_____
United States District Judge

Presented by:

*Peter Schey*
Peter A. Schey
Carlos R. Holguin
*Counsel for plaintiffs*

/ / /

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2004, a copy of the foregoing [Proposed} Order was served on counsel of record for Defendants via facsimile and U.S. mail, first class postage prepaid, to the following address:

Earle Wilson
Office of Immigration Litigation
Civil Division
U.S. Department of Justice
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

_____
Peter Schey

/ / /

- 1 -

```
              United States District Court
                          for the
              Eastern District of California
                      January 23, 2004


              * * CERTIFICATE OF SERVICE * *

                                        2:86-cv-01343


    Catholic Social Svc

        v.

    Orantes

    _____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  January 23, 2004, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


        Earle B Wilson                            AR/LKK
        Department of Justice Office of Litigation
        PO Box 878
        Ben Franklin Station
        Washington, DC  20044

        Andrew C MacLachlan
        Department of Justice Office of Litigation
        PO Box 878
        Ben Franklin Station
        Washington, DC  20044

        Luis Alfonso Cespedes
        Law Offices of Luis Alfonso Cespedes
        701 E Street
        Suite C
        Sacramento, CA  95814

        Robert H Gibbs
        Gibbs Houston Pauw
        1000 Second Avenue
        Suite 1600
        Seattle, WA  98104

        Michael Rubin
        Altshuler Berzon Nussbaum Rubin and Demain
```

177 Post Street
Suite 300
San Francisco, CA  94108

Peter A Schey
Center for Human Rights and Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA  90057

Carlos Holguin
Center for Human Rights and Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA  90057

Stephen Allen Rosenbaum
Protection and Advocacy Inc
433 Hegenberger Road
Suite 220
Oakland, CA  94621

Robert Pauw
Gibbs Houston Pauw
1111 Third Avenue
Suite 1210
Seattle, WA  98101

Miriam Hayward
NOT ED/CA ADMITTED
International Institute of the East Bay
297 Lee Street
Oakland, CA  94610

Ralph Santiago Abascal
California Rural Legal Assistance
631 Howard Street
Suite 300
San Francisco, CA  94105-3907

Glyndell E Williams
United States Attorney
501 I Street
Suite 10-100
Sacramento, CA  95814


Jack L. Wagner, Clerk

BY: _____
Deputy Clerk