CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Peter A. Schey
Carlos Holguín
256 S. Occidental Blvd.
Los Angeles, CA 90057
Telephone: (213) 388-8693

ALTSHULER, BERZON, NUSSBAUM, RUBIN & DEMAIN
Michael Rubin
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151

ASIAN LAW CAUCUS
Ivy Lee
720 Market Street
San Francisco, CA 94102
Telephone: (415) 391-1655

GIBBS, HOUSTON & PAUW
Robert H. Gibbs
Robert Pauw
1000 Second Ave. Suite 1600
Seattle, WA 98104
Telephone: (206) 224-8790

**FILED**

JAN 2 3 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

**LODGED**

JAN 2 1 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CATHOLIC SOCIAL SERVICES, INC.,—IMMIGRATION PROGRAM, ET AL., | Case No. Civ S-86-1343-LKK |
| Plaintiffs, | ORDER APPROVING SETTLEMENT OF CLASS ACTION |
| v. | [Proposed] |
| TOM RIDGE, SECRETARY U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL., | |
| Defendants. | Hearing:   January 23, 2004. Time:        10:00 a.m. |

1    This matter is before the Court pursuant to the parties' Joint Motion to Approve
2    Settlement of Class Action. The Court has read and considered the parties' motion, the
3    comments and objections of putative class members to the proposed settlement, and the
4    parties' joint response to those objections. The Court finds that the proposed settlement
5    fully and fairly resolves the claims of class members herein and that it should
6    accordingly be approved.

7        Rule 23(e) of the Federal Rules of Civil Procedure provides: "A class action shall
8    not be dismissed or compromised without the approval of the court, and notice of the
9    proposed dismissal or compromise shall be given to all members of the class in such
10   manner as the court directs."

11       "Although Rule 23(e) is silent respecting the standard by which a proposed
12   settlement is to be evaluated, the universally applied standard is whether the settlement
13   is fundamentally fair, adequate and reasonable." *Officers for Justice v. Civil Serv. Comm'n*
14   *of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982), *cert. denied*, 459 U.S. 1217 (1983). It is the
15   settlement taken as a whole, rather than the individual component parts, that must be
16   examined for overall fairness. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir.
17   1992), *cert. denied*, 506 U.S. 953 (1992). There is a "strong judicial policy that favors
18   settlements, particularly where complex class action litigation is concerned." *Id.*

19       Applying these standards to the settlement before it, the Court begins by noting
20   that this matter has been vigorously litigated for over 17 years. There is no suggestion of
21   collusion between the negotiating parties to the detriment of absent class members. *See*
22   *Officers for Justice, supra,* 688 F.2d at 625 ("the court's intrusion upon what is otherwise a
23   private consensual agreement negotiated between the parties to a lawsuit must be
24   limited to the extent necessary to reach a reasoned judgment that the agreement is not
25   the product of fraud or overreaching by, or collusion between, the negotiating
26   parties...").

27       The parties have notified the class of their settlement in accordance with the

28

- 2 -

Court's order. *See* Order re: Settlement of Class Action, September 23, 2003. The period to object to the settlement ended on December 29, 2003. *Id.* Though the precise size of the certified class is unknown, it undoubtedly comprises thousands of class members. As of January 12, 2004, two putative class members Mohammad Z. Shah and Carlos Aragon Hurtado, have objected to or commented on the settlement.

Mr. Hurtado does not object to the settlement, but instead writes that the Immigration and Naturalization Service (INS) denied him legalization under the IRCA's Special Agricultural Worker Program (SAW). *See* 8 U.S.C. § 1160. For the reasons set out in the parties' Joint Report re: Objections to Settlement of Class Action, filed January 20, 2004, the Court finds that nothing in Mr. Hurtado's comment warrants the Court's disapproving the settlement.

Mr. Shah asserts, among other things, that he was refused entry into the United States when he returned from a trip abroad in 1998 despite being granted advance parole. He objects that the settlement will not benefit individuals in his circumstance: *i.e.*, persons who are not now present in the United States despite having been granted advance parole.

The parties disagree over whether individuals in Mr. Shah's circumstances will benefit under the settlement: Plaintiffs contend that Mr. Shah and those similarly situated will be entitled to apply for class membership pursuant to the settlement and, if they establish class membership, to pursue their applications for legalization under 8 U.S.C. § 1255a. Defendants assert that persons outside the United States are also outside the scope of the settlement. The Court finds it unnecessary to resolve this disagreement.

Mr. Shah states that he departed the United States pursuant to advance parole, and if this is so he could arguably avail himself of the procedure set out in 8 C.F.R. § 245a.2(m)[1] to seek readmission to the United States. *See Reno v. Catholic Soc. Servs.*, 509

---

[1] 8 C.F.R. § 245a.2(m)(1) provides:

1   U.S. 43, 67 n.29 (1993) (in this case class members "applied" for legalization at the time
2   they were front-desked or constructively front-desked). Should defendants readmit him,
3   then their argument for denying him the benefits of the settlement would be moot.
4   Further, in any settlement as complex as that before the Court, there is the potential for
5   differing interpretation. The settlement itself anticipates such disagreements and
6   establishes procedures for their resolution. *See* Settlement ¶¶ 8-9, 18.
7        At this juncture, Mr. Shah does not appear to have asserted his rights, if any,
8   under 8 C.F.R. § 245a.2(m); he has not yet applied for class membership; defendants
9   have not yet denied him benefits under the settlement; nor has he yet availed himself of
10  the settlement's dispute resolution procedures. The claims of Mr. Shah and those
11  similarly situated will be fit for judicial resolution when and if defendants deny them the
12  benefits of the settlement because they are outside the United States. It is neither
13  necessary nor appropriate that the Court resolve such potential claims now. *Cf. Reno v.*
14  *Catholic Social Services,* 509 U.S. 43, 58-59 & n.19 ("[A] class member's claim would ripen
15  only once he took the affirmative steps that he could take before the INS blocked his
16  path by applying the regulation to him.").
17       Yet even assuming, *arguendo,* that Mr. Shah were excluded from its coverage, a
18  question this Court does not resolve at this time, the settlement would nevertheless
19  satisfy Rule 23. As has been said, the test under Rule 23 is whether the settlement *taken as*
20  *a whole,* rather than the individual component parts, is fair. *Class Plaintiffs v. City of*
21  *Seattle, supra,* 955 F.2d at 1276. "Ultimately, the district court's determination is nothing
22  more than 'an amalgam of delicate balancing, gross approximations and rough justice.'"
23
24  _____
25       During the time period from the date that an alien's application establishing
     prima facie eligibility for temporary resident status is reviewed at a Service
26   Legalization Office and the date status as a temporary resident is granted, the
     alien applicant can only be readmitted to the United States provided his or her
27   departure was authorized under the Service's advance parole provisions
     contained in § 212.5(f) of this chapter.
28

- 4 -

*Officers for Justice, supra,* **688** F.2d at 625 (quoting *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 468 (2d Cir. 1974)).

Were the Court to disapprove the settlement because defendants may oppose the claims of what the parties agree is a minuscule number of putative class members who are no longer in the United States, thousands of class members who reside in the United States at the time they apply for class membership and have a vital interest in the settlement would be denied crucial benefits and compelled to continue a 17-year litigation to an uncertain conclusion. Weighing these relative costs and benefits, the settlement clearly meets the requirements of Rule 23.

Based on the foregoing, and for the reasons set forth in the parties' Joint Motion to Approve Settlement of Class Action, the Court finds that the settlement is fundamentally fair, adequate and reasonable. Accordingly,

IT IS HEREBY ORDERED that the settlement is approved.

Dated: __1/23_____, 2004.

_____
United States District Judge

Presented by:

_____
Peter A. Schey
Carlos R. Holguin
*Counsel for plaintiffs*

/ / /

- 5 -

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2004, a copy of the foregoing [Proposed] Order was served on counsel of record for Defendants via facsimile and U.S. mail, first class postage prepaid, to the following address:

> Earle Wilson
> Office of Immigration Litigation
> Civil Division
> U.S. Department of Justice
> P.O. Box 878, Ben Franklin Station
> Washington, D.C. 20044

_Peter Schey_
Peter Schey

/ / /

- 1 -

nac

United States District Court
for the
Eastern District of California
January 23, 2004

\* \* CERTIFICATE OF SERVICE \* \*

2:86-cv-01343

Catholic Social Svc

    v.

Orantes

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  January 23, 2004, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.

       Earle B Wilson                          AR/LKK
       Department of Justice Office of Litigation
       PO Box 878
       Ben Franklin Station
       Washington, DC  20044

       Andrew C MacLachlan
       Department of Justice Office of Litigation
       PO Box 878
       Ben Franklin Station
       Washington, DC  20044

       Luis Alfonso Cespedes
       Law Offices of Luis Alfonso Cespedes
       701 E Street
       Suite C
       Sacramento, CA  95814

       Robert H Gibbs
       Gibbs Houston Pauw
       1000 Second Avenue
       Suite 1600
       Seattle, WA  98104

       Michael Rubin
       Altshuler Berzon Nussbaum Rubin and Demain

177 Post Street
Suite 300
San Francisco, CA  94108

Peter A Schey
Center for Human Rights and Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA  90057

Carlos Holguin
Center for Human Rights and Constitutional Law
256 South Occidental Boulevard
Los Angeles, CA  90057

Stephen Allen Rosenbaum
Protection and Advocacy Inc
433 Hegenberger Road
Suite 220
Oakland, CA  94621

Robert Pauw
Gibbs Houston Pauw
1111 Third Avenue
Suite 1210
Seattle, WA  98101

Miriam Hayward
NOT ED/CA ADMITTED
International Institute of the East Bay
297 Lee Street
Oakland, CA  94610

Ralph Santiago Abascal
California Rural Legal Assistance
631 Howard Street
Suite 300
San Francisco, CA  94105-3907

Glyndell E Williams
United States Attorney
501 I Street
Suite 10-100
Sacramento, CA  95814

                                        Jack L. Wagner, Clerk

                              BY: _____
                                        Deputy Clerk