UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CATHOLIC SOCIAL SERVICES,
INC., - IMMIGRATION PROGRAM,
et al.,

        Plaintiffs,

   v.

MICHAEL CHERTOFF, SECRETARY
U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

        Defendants.

/

NO. CIV.S-86-1343 LKK/JFM

O R D E R

This case concerns the Immigration and Naturalization Services' improper decision to turn away certain applicants for legalization during a one-year period from 1987 to 1988. The court approved the parties' settlement on January 23, 2004. The settlement included reference to a special master for administration of certain elements of the settlement. Pending before the court is a filing by an individual contending he is a member of the plaintiff class, in which he objects to the special master's determination to the contrary. The court resolves these

1

objection on the papers, and with the assistance of briefing submitted by the defendants and the class representatives.

## I. BACKGROUND

Under the 1986 Immigration Reform and Control Act, certain aliens could apply for temporary resident status if, *inter alia*, they had resided continuously in the United States since 1982, they were physically present in the United States continuously since November 6, 1986, and they had applied for temporary resident status between May 5, 1987 and May 4, 1988. Reno v. Catholic Soc. Servs., 509 U.S. 43 (1993). Regarding the continuous physical presence requirement, the court held in 1988 that this requirement was met for those applicants who had "brief, casual, and innocent" absences from the country without prior INS approval. Id. After a series of appeals and remands, the parties entered a settlement that was approved in January 2004.

The settlement defined the plaintiff class entitled to relief as:

> A. All persons who were otherwise prima facie eligible for legalization under section 245A of the INA and who tendered completed applications for legalization under section 254A of the INA and fees to an INS officer or agent acting on behalf of the INS, including a QDE, during the period from May 5, 1987 to May 4, 1988, and whose applications were rejected for filing because an INS officer or QDE concluded that they had traveled outside the United States after November 6, 1986 without advance parole.
> B. All persons who filed for class membership under Catholic Social Services, Inc. v. Reno, CIV No. S-86-1343 LKK (E.D. Cal.), and who were otherwise prima facie eligible for legalization under Section 245A of the INA, who, because and INS officer or QDE concluded that they had traveled outside the United States after November 6, 1986 without advance parole were informed that they were

2

> ineligible for legalization, or were refused by the INS or its QDEs legalization forms, and for whom such information, or inability to obtain the required application forms, was a substantial cause of their failure to timely file or complete a written application.

Joint Motion to Approve Settlement of Class Action, Dec. 1, 2003, Ex. 1 ("Settlement") ¶ 1. The settlement set forth a process for determination of whether an individual was a member of the plaintiff class. The individual is to submit an application for class membership and application for status as a temporary resident, with supporting documentation, to the defendants. Id. ¶ 4. The defendants grant class membership applications if "it appears more probable than not that the applicant meets the class definition." Id. ¶ 6. Prior to denying an application, the defendants must forward to the applicant or his or her representative "a notice of intended denial explaining the perceived deficiency in" the application. Id. ¶ 7. The applicant then has thirty days to submit additional evidence or otherwise remedy the deficiency. Id.

If, after this, the application denied, the defendants must send a copy of the notice of denial to the applicant, his or her attorney, and class counsel. Id. ¶ 8. The applicant may appeal the denial to a special master. Id. ¶¶ 8-9.

The special master is a person selected by both parties.[1] Id.

---

[1] Although the court recommended Magistrate Judge Moulds as the special master, this was replaced with the parties' agreement to a third-party special master as described in the settlement agreement. See Order, April 2, 2003 at 2; Settlement ¶ 9.

¶ 9.A. The purpose of the special master selected by the parties is to review decisions of denials of class membership and other of defendants' decisions. Id. ¶ 9.A-B. The settlement sets forth that the special master's review of the denial of an application for class membership shall be based on the documentary evidence the applicant provided to the defendants. Id. ¶ 9.B. It also describes the allocation of the special master's fees. Id.

The settlement agreement also specifies the role of the court. It states,

> 18. Continuing Jurisdiction.
> The parties agree that notwithstanding the filing and granting of any motion pursuant to paragraph 17 [motion for dismissal of all claims upon approval of the settlement], the district court will retain jurisdiction over only the matters described immediately below.
> A. Claims by plaintiffs that the Defendants have engaged in a pattern and practice of refusing to implement any of the relief set forth in this Agreement.
> B. Claims by plaintiffs that the Defendants have expressly repudiated this Agreement. . . .

Id. ¶ 18.

On July 28, 2008, Carlos Mendoza filed objections to the special master's determination that he is not a member of the plaintiff class. His objections principally rest on his contention that the special master erred in her review of the evidence. Defendants and class counsel filed briefs on August 27, 2008 and September 16, 2008, respectively, addressing the issue of whether the court has jurisdiction to review the special master's denial of class membership.

## II. ANALYSIS

The threshold issue implicit in the resolution of Mr.

Mendoza's objections is whether the court has the authority to review the special master's decisions in the manner that Mr. Mendoza seeks. The court concludes that it does, but that Mr. Mendoza's objections are not well-taken.

As the class representatives state, the court, notwithstanding the settlement agreement, necessarily retains jurisdiction over the adjudication of class membership applications through the court's Article III powers. The court's use of a special master to assist in the resolution of a case is limited by Article III, which requires that federal judges be the ones to exercise judicial power over the cases before them. See LaBuy v. Howes Leather Co., 352 U.S. 249 (1957). Litigants, however, may waive their right to dispute resolution by an Article III judge. Peretz v. United States, 501 U.S. 923, 936-37 (1991); Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 542 (9th Cir. 1984). The inverse is also true, in that a waiver of rights by the class representative cannot be binding on an individual's application to be part of the plaintiff class. See Order, Jan. 15, 2003 at 2 ("Clearly, the question of class membership is ultimately for this court . . . . however, it is apparent that there must be some mechanism in place to deal with the potentially large number of requests for judicial review of class membership."); see also Order, April 2, 2003 at 2-3 (contemplating that settlement would include review by the court of the special master's denial or revocation of applications for class membership). To hold that an applicant for class membership waived, by virtue of the settlement,

his right to judicial review of the denial of his application would offend due process, as well as defy logic. See Boykin v. Alabama, 395 U.S. 238, 242-43 (1969) (waiver of a Constitutional right must be knowing and voluntary). Consequently, despite the express limitations on the court's jurisdiction stated in the settlement agreement, the court also retains jurisdiction over the resolution of appeals from denial of applications for class membership.

It remains to determine the standard of review employed in reviewing the special master's decisions. Federal Rule of Civil Procedure 53, which governs appointments of special masters, provides that all objections to the special master's findings of fact shall be reviewed de novo unless the parties stipulate, with the court's approval, that the findings will only be reviewed for clear error or the findings of the master will be final. Fed. R. Civ. P 53(f). Although the special master here was not appointed pursuant to Rule 53 but by stipulation of the parties, that standard of review remains appropriate, especially since the special master is charged with determining questions that directly bear on an applicant's right to relief. Accordingly, objections to the special master's denial of an application for membership to the plaintiff class will result in the special master's decision being reviewed de novo.

Turning then to Mr. Mendoza's objections, the court concludes that the special master did not err. As the special master observed, the evidence tendered is equivocal as to whether Mr. Mendoza applied for legalization between May 5, 1987 and May 4,

1988. It is also equivocal as to whether he attempted to apply for legalization during this time, but was turned away by an agent of the INS or QDE. These discrepancies in the evidence lead the court to conclude that it does not appear more probable than not that Mr. Mendoza meets the class definition.

### III. CONCLUSION

Accordingly, Mr. Mendoza's objections to the special master's decisions are OVERRULED.

IT IS SO ORDERED.

DATED: November 12, 2008.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7