1    Julio Cesar Benitez
     15445 Cobalt St., #134
2    Sylmar, CA 91342

3                                                        **FILED** JFM

4    Applicant for class membership, pro se

                                                        AUG 2 4 2009
5
                                                        CLERK, U.S. DISTRICT COURT
                                                        EASTERN DISTRICT OF CALIFORNIA
6                                                        BY _____
                                                                   DEPUTY CLERK
7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10
     CATHOLIC SOCIAL SERVICES, INC., -      )   Case No.: Civ. S-86-01343-LKK/JFM
11   Immigration Program, et al.,           )
                                            )   **OBJECTIONS TO SPECIAL MASTER'S**
12           Plaintiffs,                     )   **DECISION; DECLARATION OF JULIO**
                                            )   **CESAR BENITEZ**
13   v.                                     )
                                            )
14                                          )
     JANET NAPOLITANO, SECRETARY,           )
15   U.S. DEPARTMENT OF HOMELAND            )
     SECURITY, et al.,                      )
16                                          )
             Defendants.                    )
17                                          )
                                            )
18   _____     )

19

20   **TO THE COURT AND TO ALL PARTIES:**

21       Julio Cesar Benitez, aka Julio Cesar Benitez-Benitez, hereby objects to the Special Master's

22   decision of July 31, 2009, denying him his application for class membership in this case, and seeking a

23   de novo review of the decision by the Court, as per the Settlement Agreement approved by the Court on

24   January 23, 2004.

25       The grounds of these Objections is that the Special Master erred in not accepting the applicant's

26   contention that he had indeed left the U.S. in December 1987 without permission of the Immigration and

                                        - 1 -

                                Julio Cesar Benitez's Objections to Special Master's Decision

Naturalization Service (INS), and later in 1988 was turned away by a qualified designated entity (QDE) and by the INS itself from applying for amnesty due to them learning about his trip.

## I. INTRODUCTION AND FACTS

Julio Cesar Benitez, aka Julio Cesar Benitez-Benitez ("Julio"), is a forty-four year old native and citizen of El Salvador. He came to the United States without inspection on about October 30, 1980 and has lived continuously in the Los Angeles area since then except for two trips outside the U.S. *Declaration of Julio Cesar Benitez* ("*Benitez Decl.*") ¶ 4, ¶ 7.

On about December 20, 1987, Julio left the U.S. to go to Mexico with his then girlfriend Blanca (now his wife) to spend the Christmas holidays with her family in Compostela, Nayarit State, Mexico. *Id.* ¶ 4. He did not seek permission such as advanced parole from the INS prior to leaving. *Id.*

After the holidays, Julio stayed in Mexico and decided to get a job with a local construction company doing masonry work, starting on January 3, 1988. *Id.* ¶ 5. However, only twelve days later, he had a change of heart and decided to quit and returned to the U.S. *Id.* ¶ 6.

After returning to the U.S., Julio decided to apply for amnesty as that program was going on at the time. *Id.* ¶ 7. In about February or March 1988, he went to a QDE in Van Nuys, California, and was asked about travel outside the U.S. *Id.* ¶ 8. When he told them about his just-concluded trip, the QDE personnel told him that he did not qualify to file for amnesty. *Id.* Shortly thereafter, he went to the INS office itself in Los Angeles on Soto Street to seek verification. *Id.* ¶ 9. There, INS personnel also told him that he did not qualify for amnesty because of his trip. *Id.* As a result, Julio became discouraged and did not file an application for amnesty. *Id.* ¶ 10.

Afterward, Julio continued living in the U.S. area without legal papers. He married his girlfriend Blanca in 1992. *Id.* ¶ 16. He made another trip outside the U.S. for three months from July 1999 until October 1999. *Id.* ¶ 3, ¶ 12. Then, in 2005, he heard about this class-action lawsuit and how it allowed people like him to have an opportunity to file for amnesty again. *Id.* ¶ 10. He applied for class membership as part of the CSS class in December 2005. Julio told the person who filled out the forms

- 2 -

1   for him about his 1987 trip but for some reason, that person did not write it down in his forms, which
2   was a mistake. *Id.* ¶ 11.

3       On October 23, 2006, Julio had an interview with the INS at the same Soto Street office he had
4   gone to 18 years previously to inquire about applying for amnesty. The interviewing officer asked Julio
5   about his "last trip" outside the U.S., and he told her about his 1999 trip, but refused to hear him tell her
6   about his 1987 trip. *Id.* ¶ 12. He went to the interview by himself and was intimidated. *Id.* The officer
7   asked Julio questions about legal requirements for the CSS class membership which he understood but
8   not completely versed in as a worker in the field or an attorney. *Id.* He only knew that he was told by
9   the form preparer that he qualified because he was turned away from applying for amnesty in 1988 by
10  the QDE and by the INS. *Id.* Also, the officer directed Julio to change his existing answer on Question
11  1 of the class membership worksheet from "Yes" to "No," which was the question that asked if he was
12  turned away by an organization or by the INS because they believed he had traveled outside the U.S.
13  after November 6, 1986 without permission. *Id.* ¶ 13. He did it because he was confused and thought
14  she was referring to his "last trip" in 1999, after which no such turning away happened. *Id.* The INS
15  denied Julio's class membership on May 22, 2007.

16      Julio then appealed the INS's decision to the Special Master on June 22, 2007. He hired an
17  attorney, who wrote on an attachment to the appeal form that Julio had also left the U.S. in late 1987 or
18  early 1988, but the interviewer was "hostile" and did not want to hear about this first trip. On July 31,
19  2009, Special Master Gail Killefer issued a decision denying Julio's application for membership in the
20  class. A copy of the decision is attached hereto as Exhibit "A."

21      The other exhibits are attached hereby as:

22      Exhibit "B" - Appeal papers for appeal to Special Master, dated June 22, 2007

23      Exhibit "C" – INS Notice of Denial of Class Membership, dated May 22, 2007

24      Exhibit "D" – Applicant's filed Form I-687, signed Dec. 31, 2005

25      Exhibit "E" – Applicant's CSS/Newman (LULAC) Class Membership Worksheet, signed Dec.
26  31, 2005.

- 3 -

Julio Cesar Benitez's Objections to Special Master's Decision

1

## II. LEGAL ARGUMENT

2     First of all, because under Federal Rules of Civil Procedure ("FRCP") Rule 53(f)(2), a party has

3  20 days to file objections to the Special Master's decision after a copy is served, Julio here had until 23

4  days from July 31, 2009, or until August 23, 2009, to file his Objections with the Court, due to the

5  decision having been served on him by mail on July 31st, as under FRCP Rule 6(d). Because August

6  23rd is a Sunday, the objections are due on the next business day, or Monday, August 24, 2009.

7

8     ### A. Standards of review

9     FRCP Rule 53(f) states that the court must decide de novo all objections to findings of fact made

10  or recommended by a master, unless the parties stipulate otherwise. The Court is requested to take

11  judicial notice that in this same case, on November 12, 2008, the Court ruled in regard to a prior class

12  applicant's Objections that:

13
14
15
16

> "Although the special master here was not appointed pursuant to Rule 53
> but by stipulation of the parties, that standard of review [de novo] remains
> appropriate, especially since the special master is charged with
> determining questions that directly bear with an applicant's right to relief.
> Accordingly, objections to the special master's denial of an application for
> membership to plaintiff class will result in the special master's decision
> being reviewed de novo."

17

*Order on Objections of Carlos Mendoza to Special Master's Decision*, at 6.

18

     Also, in her decision, the Special Master appears to have applied inconsistent standards of proof

19

that is required of him to show he is a member of the class. First, the Special Master held:

20

21
22
23

> "The Special Master finds that Mr. Benitez-Benitez does not meet the
> class definition because he has not made a *prima facie* showing that he
> attempted to apply for legalization at an INS or QDE office during the
> application period between May 5, 1987 and May 4, 1988 but was turned
> away because of his travel outside the United States."

24  *Special Master's Decision* (Exhibit "A"), at 2 (italics added). However, at the end of her Decision, the

25  Special Master wrote: "Based upon the record presented to the Special Master, Mr. Benitez-Benitez has

26  not established that it is *more probable than not* that he meets the definition of a class member." *Id.*

- 4 -

1  The "more probable than not" standard is much higher than what is necessary and in fact, the Court

2  should hold that a class applicant only needs to make a "prima facie" showing that he or she meets the

3  class definition.

### B. Julio Has Provided Evidence Here to Corroborate His Account of His 1987 Trip Abroad and Provided Clarifications As to the Reason Why He Was Refused to Allow to Apply for Amnesty in 1988.

The Special Master was not persuaded on appeal that Julio had traveled abroad in 1987 or 1988.

She found that:

> "He contradicts these sworn statements with his typed appeal to the Special Master, dated June 22, 2007, in which his counsel claimed that Mr. Benitez-Benitez also traveled abroad in 1987 or 1988. Mr. Benitez-Benitez's unsworn appeal, which lacks specificity as to when and where he traveled or why his application was rejected, is not persuasive."

*Special Master's Decision*, at 2.

However, Julio is submitting here proof that he was working in Mexico for a company, MGRS, in Compostela, Nayarit, Mexico, during the time period from January 3 to 15, 1988, in the form of a letter from the company's General Director. *Benitez Decl.,* Exhibit 1. Although the letter was recently written, the same company is still in business and in the construction field, which is a field that Julio has worked in for many years, as he is the owner of a roofing company in Sylmar, California, with his wife. *See id.*, Exhibit 2. The INS has never disputed that Julio entered the U.S. in 1980 and was living continuously in Los Angeles through the 1980s and beyond. *See* Exhibit "C". Since he was in Mexico from January 3 to 15, 1988, that means he must have exited the U.S. before that. This letter gives credence to his account that he had indeed left the U.S. and traveled abroad on about December 20, 1987, without permission from the INS.

As for the reason that Julio was refused to allow from applying for amnesty, he now has explained more clearly in his Declaration the circumstances of how he was refused not once, but twice, by the QDE and by the INS in February or March 1988, when he told them about his 1987 trip. *Benitez Decl.* ¶¶ 7, 8, 9. Even the Special Master acknowledged that at his INS interview, Julio had told the

- 5 -

1  interviewer (as recorded by the interview statement) about his two attempts to apply for amnesty in Van

2  Nuys (the location of the QDE) and at the INS Soto Street office. *Special Master's Decision*, at 2.

3  The Special Master was swayed by Julio's sworn interview statement from his INS interview and

4  his sworn I-687 application that he "had left the country one time in 1999, after the close of the amnesty

5  period." *Id.* However, Julio did not have a chance to explain this statement before. As explained in his

6  Declaration, he indeed told the INS interviewing officer that he left the country in 1999, but she started

7  getting upset at him when he tried to tell her about his 1987-1988 trip. *Benitez Decl.* ¶ 12. She did not

8  want to hear more from him about the earlier trip. *Id.* As far as the I-687 application, Julio explains that

9  the person who prepared that application failed to write down his 1987-1988 trip and unfortunately,

10  Julio did not read the application thoroughly before signing it. *Id.* ¶ 11; *see* Exhibit "D", Page 4

11  As far as changing his response to Question 1 on the CSS/Newman Class Membership

12  Worksheet, Julio explains here that he was confused about the officer's suggestion at the interview that

13  he should change his response from "Yes" to "No". The application form preparer he hired had

14  originally answered "Yes" to this question for Julio. *See* Exhibit "E". However, at the INS interview,

15  he was genuinely confused. He thought that the officer was asking him if any organization or the INS

16  had turned him away from applying for amnesty because of his "last trip" in 1999. *Benitez Decl.* ¶ 13.

17  Of course, since no such thing happened in regard to that trip (as there was no amnesty application

18  period from 1999 until this CSS case), Julio thought the officer was correct and he followed her

19  suggestion and changed his answer to "No" on the worksheet. *Id.* It made sense for him to have thought

20  that she was referring to the 1999 trip because that was the only trip that she permitted him to talk about.

21  ///

22  ///

23  ///

- 6 -

1

**III. CONCLUSION**

2   Because of the evidence and specific facts provided here, this Court, under a de novo review

3   standard, should find that Julio has made a prima facie showing that he meets the class definition

4   because of his 1987-1988 trip abroad and that he was turned away from applying for amnesty during the

5   relevant period of time by the QDE and by the INS simply because of that trip.

6

7                                                                Respectfully submitted,

8   Dated: August 22, 2009

9                                                                JULIO CESAR BENITEZ,
                                                                 Applicant for class membership, pro se

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

- 7 -

"A"



# CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW

**Foundation**

256 S. OCCIDENTAL BOULEVARD
LOS ANGELES, CA 90057
Telephone: (213) 388-8693 Facsimile: (213) 386-9484

July 31, 2009

Dear Julio Cesar Benitez-Benitez:

Enclosed please find the decision of the special master in *CSS v. U.S Citizenship and Immigration Services ("CIS") or Newman (LULAC) v. U.S. Citizenship and Immigration Services ("Newman").*

We regret that the special master denied your appeal. If you disagree with the special master's decision, Rule 53(g) of the Federal Rules of Civil Procedure describes your available recourse. A copy of the pertinent part of Rule 53 is attached. You may wish to have a lawyer help you decide whether to further pursue your appeal. A list of lawyers and community-based organizations that have attended the Center's trainings on late amnesty is available at http://www.nationalimmigrationreform.org/lateamnesty/.

Sincerely,

Carlos Holguin

General Counsel

In Re: Applicant/Petitioner Julio Cesar Benitez-Benitez

Re: *Catholic Social Services, et al., v. Ridge, et al.,* Civ. S-86-1343-LKK (E.D.Cal.)
*Newman, et al., v. Ridge, et al.,* No. CV 87-4757-WDK (C.D.Cal.)

## DECISION OF SPECIAL MASTER

Julio Cesar Benitez-Benitez appeals the denial of his application for class membership under the CSS/Newman Settlement Agreements.

Under Paragraph 9B of the Joint Stipulations Regarding Settlement ("Settlement Agreements"), any decision by the Defendants denying an application for class membership may be appealed to a Special Master. The appeal of Mr. Benitez-Benitez was properly presented to the Special Master with the appropriate fee.

The Special Master's review is "based on the documents and other evidence submitted by the applicant, and any documentary evidence relied upon by the Defendants in reaching the decision to deny the application for class membership." Settlement Agreements, ¶9B.

To qualify as a member of the CSS/Newman class, the terms of the Settlement Agreements require that the applicant (or a parent or spouse) have visited an office of the INS to apply for legalization between May 5, 1987 and May 4, 1988 but was turned away because the INS or the QDE believed that either 1) the applicant traveled outside the United States after November 6, 1986 without advance parole or 2) that the applicant traveled outside the United States and returned after January 1, 1982 with a visa or other travel documents.

With his original responses to the CSS/Newman Class Membership Worksheet, dated December 31, 2005, Mr. Benitez-Benitez made a preliminary showing that he meets the definition of a class member. Although Mr. Benitez-Benitez initially answered "Yes" to Question 1 stating that he attempted to apply for legalization during the amnesty period, this response was crossed out and replaced with "No." The handwritten change is marked with the initials "J.B."

In the Notice of Denial of Class Membership, dated May 22, 2007, the U.S. Citizenship and Immigration Services (USCIS) denied Mr. Benitez-Benitez class membership because of certain admissions he made during his October 23, 2006 interview. The USCIS found that Mr. Benitez-Benitez admitted, under oath, that he only left the country once, from July to October 1999, *after* the application period. The USCIS also found that although Mr. Benitez-Benitez stated during his interview that he tried to apply for amnesty in 1987-1988, he never stated the reason for his rejection and could not have been front-desked for the reasons stated in Question No. 1 of the CSS/Newman Class Membership Worksheet since he never traveled between 1982 and 1988.

The Record of Proceeding (ROP) does not contain a Rebuttal to the Notice of Intent to Deny. In his appeal to the Special Master, dated June 22, 2007, Mr. Benitez-Benitez's counsel stated that his client did not testify that he only traveled abroad in 1999. He stated that Mr. Benitez-Benitez tried to explain to the interviewing officer that he had also left the country in late 1987 or early 1988, but the interviewer was hostile and would not listen.

The Record of Proceeding (ROP) contains a handwritten sworn interview statement, in English, signed by Mr. Benitez-Benitez on the date of his October 23, 2006 interview, in which he stated that he came to the United States in 1980 and he left the country one time, from July to October 1999. This is consistent with his Form I-687, dated December 31, 2005, on which he listed one trip to Mexico from July to October 1999. *See* Form I-687, Response to No. 32. In the interview statement, Mr. Benitez-Benitez also stated that he went to apply for amnesty on Vanowen Street [sic] in Van Nuys and at the Soto Street [sic] offices and was told he did not qualify for reasons not specified.

The Special Master finds that Mr. Benitez-Benitez does not meet the class definition because he has not made a prima facie showing that he attempted to apply for legalization at an INS or QDE office during the application period between May 5, 1987 and May 4, 1988 but was turned away because of his travel outside the United States. In the handwritten sworn statement from his October 23, 2006 interview and in his sworn Form I-687 dated December 31, 2005, Mr. Benitez-Benitez stated under oath that he left the country one time in 1999, after the close of the amnesty period. He contradicts these sworn statements with his typed appeal to the Special Master, dated June 22, 2007, in which his counsel claimed that Mr. Benitez-Benitez also traveled abroad in 1987 or 1988. Mr. Benitez-Benitez's unsworn appeal, which lacks specificity as to when and where he traveled or why his application was rejected, is not persuasive. Finally, although Mr. Benitez-Benitez initially answered "Yes" to Question 1 on the CSS/Newman Class Membership Worksheet, dated December 31, 2005, stating that he attempted to apply for legalization during the amnesty period, he later changed this response to "No."

Based upon the record presented to the Special Master, Mr. Benitez-Benitez has not established that it is more probable than not that he meets the definition of a class member. Accordingly, his appeal is denied.

Dated: July 28, 2009

Gail Killefer
Special Master

## PROOF OF SERVICE

I certify that I served a copy of the foregoing DECISION OF SPECIAL

MASTER by causing the same to be mailed in the United States mail, first class, postage

prepaid, addressed as follows:

Peter A. Schey, Esq.
Carlos R. Holguin, Esq.
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057

Anthony W. Norwood, Esq.
U. S. Department of Justice, Civil Division
Office of Immigration Litigation
450 5th Street, NW, Room 5030
Washington, DC 20530

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 28, 2009

Gail Killefer



RECEIVED
JUL 3 1 2009

BY: _____



## Appeal to Special Master of Denial of Class Membership

Instructions:

Use this form if you wish to appeal a final denial of class membership. Appeals will be decided by a CSS or Newman (formerly LULAC) Special Master.

Do not use this form if you have only received a Notice of Intent to Deny your class membership application.

---

Mail this form, along with a copy of your Class Membership Application and the final denial of your Class Membership Application, to:

> CSS/Newman Special Master
> Center for Human Rights & Constitutional Law
> 256 S. Occidental Blvd.
> Los Angeles, CA 90057

Fee: With this appeal form you must enclose a check or money order in the amount of $65 made payable to CSS/Newman Special Master. ($125 if denied for prior criminal conviction).

If you do not have a copy of your Class Membership Application, mail this form, your final denial, and your check or money order to the Special Master at the address listed above. The Special Master will obtain a copy of your Class Membership Application.

Copy: Be sure to keep a copy of everything that you mail to the Special Master. *(Attorney-represente. G-28 attache.*

Complete the information requested below:

Name: *Julio Cesar Benitez-Benitez*

Address: *15445 Cobalt St., #134*

City: *Sylmar*                State: *CA*          ZIP: *91342*

Telephone: ( *818* ) *326 - 9756*   USCIS A-File Number (if any): *A 26-201-480*

1) Do you have, and have you attached, a copy of your Class Membership application form?
   Yes ☐  No ☒

2) You must attach a copy of the denial of your CSS/Newman Class Membership application. Have you attached a copy?   Yes ☒  No ☐

3) You must attach a check or money order payable to CSS/Newman Special Master in the amount of $65. Have you attached a check or money order as required?   Yes ☐  No ☐

-If your application for Class membership was denied because you have a prior criminal conviction, you must attach a check or money order payable to CSS/Newman special Master in the amount of $125. Have you attached a check or money order as required?   Yes ☒   No ☐

4) Explain why you believe your application for Class Membership was incorrectly denied.  You are not required to fill in this section, but may do so if you wish.  You may attach a separate sheet of paper with your explanation if it is too long to fit on this page.

     See attached.

(Please use additional sheets of paper if you need more space to explain your complaint).

Dated:  6/22/07

                                  Signature

                                  Attorney for Applicant
                                   JULIO CESAR BENITEZ

5

26201480

1683

Larry L. Doan, Attorney
Attorney-Client Trust Fund
11664 National Blvd., Ste. 317
Los Angeles, CA 90064
Tel: (310)403-1405

Date 6/22/57

16-49/1220

Pay to the Order of _CSS / Nirvana Special Master_ | $ 125 ²²

One hundred twenty five and 00/100 ———— Dollars

UNION BANK OF CALIFORNIA
WEST LOS ANGELES OFFICE
4032 CENTINELA AVENUE
LOS ANGELES, CA 90066
800-238-4486

For _Julio Renitez, A26-201-480_

MP

⑈0016831⑈ ⑈122000496⑈ 109000764 1⑈

**Attachment to Question 4:**

A Brief will be provided to the Special Master within 30 days (as allowed for on Form I-694 for AAO appeals) by applicant's counsel. In the meantime, a summary of the arguments are provided here:

1. The interviewer misunderstood Mr. Benitez's testimony at the interview. He did NOT testify that his ONLY trip outside the United States was in July 1999. He tried to explain to the interviewer that he had also left the country in late 1987 (possibly early 1988, counsel did not have time to ascertain exactly), but the interviewer was hostile and did not want to hear about Mr. Benitez's prior trip.

2. a. Mr. Benitez's 1985 conviction in the Los Angeles Municipal Court was arguably only a misdemeanor, not a felony. Counsel will be investigating the possibility that Mr. Benitez was not advised by the judge of the immigration consequences of pleading guilty, and thus, a motion to vacate the conviction may be appropriate. Also, because this was his first drug offense when he was 19 years old, he may have been eligible for an expungement under the Federal Youthful Offender Act or Federal First Offender Act, which would eliminate the use of this conviction for immigration purposes under Ninth Circuit law.

b. Mr. Benitez asserts that he was never convicted in 1984 for the misdemeanor of tampering with a vehicle and/or taking a vehicle without owner's consent.

When the above is taken into account, it will be seen that Mr. Benitez was only convicted of one misdemeanor: on July 25, 1987 in Montgomery County District Court, Maryland, for unlawful possession of a controlled substance.

LAW OFFICES OF
## LARRY LIEM DOAN

11664 NATIONAL BOULEVARD, SUITE 317
LOS ANGELES, CALIFORNIA 90064
TELEPHONE:  (310)269-2155 / FAX:  (310)269-2156
email:  LiemLaw@yahoo.com

June 22, 2007

CSS/Newman Special Master
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057

Re: Julio Cesar Benitez-Benitez (A26-201-480)

Dear Sir or Madam:

I am entering an appearance as the attorney for the above-referenced applicant on his Appeal to the Special Master of Denial of Class Membership. The Appeal form and a G-28 form are included.

Please note that although the denial of the CSS/Newman Class Membership (which is attached) is dated May 22, 2007, it was not mailed out until May 24, 2007, as seen in the copy of the USCIS envelope with the postmark of that date. Therefore, this appeal is timely.

A Brief will be submitted within 30 days to the Special Master, as similarly allowed for on appeals to the AAO on the I-694 Form.

Please send back a receipt in the enclosed self-addressed stamped envelope.

Very truly yours,

Larry Liem Doan

Enclosures

# Notice of Entry of Appearance as Attorney or Representative

**Appearances** - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. **Availability of Records** - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: | Date: June 21, 2007 |
| Appeal of CSS/Newman Class membership dec. | File No. A26-201-480 |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

| Name: Julio Cesar Benitez | ☐ Petitioner  ☐ Beneficiary | ☑ Applicant | |
| Address: (Apt. No.)   (Number & Street)  15445 Cobalt St., #134 | (City)  Sylmar | (State)  CA | (Zip Code)  91342 |

| Name: | ☐ Petitioner  ☐ Beneficiary | ☐ Applicant | |
| Address: (Apt. No.)   (Number & Street) | (City) | (State) | (Zip Code) |

*Check Applicable Item(s) below:*

☑ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

Supreme Court of _____ California _____ and am not under a court or administrative agency
                              Name of Court

order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with _____

the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. (*If you check this item, also check item 1 or 2 whichever is appropriate.*)

☐ 4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS  11664 National Blvd., Ste. 317  Los Angeles, CA 90064 |
| NAME (Type or Print)  Larry Liem Doan, Esq. | TELEPHONE NUMBER  (310)289-2155 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*

Larry Liem Doan, Esq.

(Name of Attorney or Representative)

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

Appeal of denial of CSS/Newman class membership to the Special Master, and to CIS

| Name of Person Consenting  Julio C. Benitez | Signature of Person Consenting | Date  06/21/07 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.





*Office of the District Director*

**U.S. Department of Homeland Security**
 s. Street Suite 17
Los Angeles, CA 90023

**U.S. Citizenship
and Immigration
Services**



May 22, 2007

**Julio Cesar Benitez Benitez**
**15445 Cobalt Street #134**
**Sylmar, Ca. 91342**

### Re: A26201480   MSC0610124876

## NOTICE OF DENIAL OF CLASS MEMBERSHIP

You filed Form I-687 Supplement, CSS/Newman (LULAC) Class Membership Worksheet with your Form I-687 application. The purpose of this worksheet is to determine if you are a class member and eligible to apply for legalization under 8 U.S.C. 1255a, pursuant to the CSS/Newman settlement agreements.

Questions one and four of the Class Membership Worksheet asked:

1. During the period between May 5, 1987 and May 4, 1988, did you (or a parent or spouse) visit an office of the former Immigration and Naturalization Service (INS) to apply for legalization, but were turned away because the INS or the Qualified Designated Entity (QDE) believed that (1) you had traveled outside the United States after November 6, 1986, without advanced parole, OR (2) you had traveled outside the United States and returned after January 1, 1982 with a visitor's visa, student visa or any other type of visa or travel document?

4. Have you ever been convicted of a felony or three or more misdemeanors, or have you ever been convicted of crimes, or committed acts which make you inadmissible pursuant to any provision of the Immigration and Nationality Act including but not limited to: 212(a)(2)(A)(i)(I) (crime involving moral turpitude); **section 212(a)(2)(B) (multiple criminal convictions)**; section 212(a)(2)(C) (controlled substance traffickers); **section 212(a)(2)(A)(i)(II) (controlled substances)**; section 212(a)(3) (security and related grounds)?

Your response to these questions was yes to questions one and no to question four. At an interview on October 23, 2006, you stated that you came to the United States illegally in October 30, 1980. You left the country one time, July 1, 1999 and came back on October 10, 1999. You also stated that you had been arrested, however, you could not remember how many times. You also testified that you went to two offices

www.uscis.gov

Julio Cesar Benitez Benitez
Page 2

to try to apply for amnesty during 1987-1988 but you were rejected, but were not given a reason for the rejection. Since you had not been out of the country during the 1982-1988 time period, you could not have been turned away from filing for legalization for the reasons stated in question one above, therefore, you amended your answer to question one to no. You stated, at the interview on October 23, 2006, that you had been convicted of a felony involving drugs in Maryland. In response to an I-72, Request for Evidence, issued on October 23, 2006, you submitted court dispositions which confirmed your conviction of four misdemeanors. April 1993 convicted of 23152B, driving under the influence of alcohol, January 1994 convicted of 14601.2(A), driving with suspended license, March 1994, convicted of 14601.2(A), driving with a suspended license, and October 8, 1997 convicted of 23103, reckless driving. Records indicate there were other arrests in January 1984, June 1984, August of 1984, April of 1985and April of 1987, however, court dispositions were not submitted. A further review of your administrative file revealed two felony convictions. February 5, 1985 you were convicted of Sell/Furnish Marijuana/Hash and on June 25, 1987 you were convicted of possession of a control dangerous substance. These grounds of inadmissibility may not be waived.

For the reasons listed above, it appears you are ineligible for class membership.

On April 4, 2007, you were issued a Notice of Intent to Deny Class Membership (NOID) due to the information obtained at your interview on October 23, 2006. You were allotted (30) thirty days to submit additional written evidence or information to rebut or to explain discrepancies. As of this date, there has been no response to the notice.

After reviewing you application, the evidence submitted with your application and your testimony, this Agency has concluded that you have failed to establish that you meet the class definition, and your Application for Class Membership is denied.

Any pending applications related to this Class Membership Application will be administratively closed and receive no further consideration since you are not a class member. Any Employment Authorization Documents and/or I-512 Travel Documents already approved based upon your pending applications are hereby revoked.

If you do not agree with this decision, you may file an appeal with a Special Master appointed under the terms of the CSS/Newman settlement agreement. Your notice of appeal must be postmarked within 30 days from the date that this decision was mailed and accompanied by a filing fee of $65. The filing fee shall be payable to "CSS/Newman Special Master". The notice of appeal must be sent to the following address:

CSS/Newman Special Master
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057

Julio Cesar Benitez Benitez
Page 3

If no appeal is filed within the allotted time, this decision is final.

Please direct any questions to the USCIS office nearest your residence.

Sincerely,

... Douglas
... fice Director
... by
Sandra Nott, DAO

cc:





OMB No.1615-0090; Expires 11/30/05

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

# I-687, Application for Status as a
# Temporary Resident Under Section 245A of the INA

## Do not write in this block. For USCIS Use Only.

| Action Block | Fee Stamp | |
|---|---|---|
| ADMCQ #-341V | | I-687 |
| CLESE #-341V 120 07 | | MSC-06-101-24876    01/09/2006 |
| A. MLY 5/3 2 | Principal Applicant's A# | This applicant's A# A 26 20 1480 |

**START HERE - Please type or print in capital letters in black ink.** *If you need more space, use a separate sheet(s) of paper.*

**1.** I hereby apply for status as indicated by the block checked below.

☒  **A.** Temporary Resident Status as an alien who illegally entered the U.S. prior to January 1, 1982.

☐  **B.** Temporary Resident Status as an alien who entered the U.S. as a nonimmigrant prior to January 1, 1982 and whose authorized stay expired before such date or whose unlawful status was known to the Government as of January 1, 1982.

| **2. Name** Family Name (in capital letters) | Given Name | Middle Name | **3. Date of Birth** (mm/dd/yyyy) |
|---|---|---|---|
| BENITEZ BENITEZ | Julio | Cesar | 07/04/1965 |

| **4.** Other Names Used or Known by (Including maiden name, if married) | **5.** Telephone Numbers (Including Area Codes) | |
|---|---|---|
| Jose Serrano | Home: (818) 362-7122 | Work: (818) 326-9756 |

**6. Home Address in the U.S.**

U.S. Social Security #  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

In care of

| Number and Street | 15445 Cobalt St. | Apt. # | 134 |
|---|---|---|---|

| City | Sylmar | State | CA | Zip Code | 91342 |
|---|---|---|---|---|---|

**7. Mailing Address in the U.S. (if different from address in Number 6.)**

In care of

| Number and Street | Same as Above | Apt. # | |
|---|---|---|---|

| City | | State | | Zip Code | |
|---|---|---|---|---|---|

**8. Last Address Outside the U.S.**

| Number and Street | Santa Rosa de Lima | Apt. # | |
|---|---|---|---|

| City | Santa Rosa | County, Province or State | El Salvador | Country | El Salvador |
|---|---|---|---|---|---|

| **9. Country of Citizenship** | El Salvador |
|---|---|

**10. Place of Birth**

| City or Town | Santa Rosa | County, Province or State | El Salvador | Country | El Salvador |
|---|---|---|---|---|---|

f

Form I-687 (10/26/05)Y

2006 JAN -9 PM 4:22

**11. Marital Status**

☒ Now Married ☐ Never Married ☐ Separated ☐ Divorced ☐ Widowed

**12. Gender**
☒ Male
☐ Female

**13. Race**
☐ Asian or Pacific Islander ☐ Black, not of Hispanic origin ☐ Other (specify below)
☒ Hispanic ☐ White, not of Hispanic origin

**14. Have you previously applied for temporary residence as a Legalization applicant?**
☒ No ☐ Yes   If Yes, give date, place of filing and final disposition, if known.

**15. Do you have other records with USCIS (or the former INS)?**
☐ No ☒ Yes   If Yes, give file numbers. A# 026-201-480   Other

**16. When did you last come to the U.S.?** (mm/dd/yyyy) 10/30/1980

**17. Manner of Entry**
☒ Without a visa ☐ With a visa (visitor, student, etc.) specify

**18. Place of last entry into U.S.**
☐ Port of Entry (City and State) ☒ Border - Not through a Port of Entry (State)

**19. Mother's Name** (Give maiden name, last name, first name) Benitez, Juana
☒ Living ☐ Deceased (year)

**20. Father's Name** (Give last name, first name) Benitez, Bernardino
☒ Living ☐ Deceased (year)

**If you were admitted as a nonimmigrant prior to January 1, 1982, complete Numbers 21 through 29. If not, leave blank and go to Number 30.**

**21. Passport Number** None
**22. Country that issued Passport**
**23. Location where visa issued (City and Country)**

**24. Type of visa issued** (B-2, F-1, etc.)
**25. Date visa issued** (mm/dd/yyyy)
**26. Authorized stay in U.S.** Expired (mm/dd/yyyy)
**27. Class of admission** (Student, visitor, etc.)

**28. Did you violate your legal status prior to January 1, 1982?**
☒ No ☐ Yes
**29. Was your status violation known to the Government prior to January 1, 1982?**
☐ No ☐ Yes If Yes, how was your status violation known to the Government? N/A

**30. RESIDENCES IN THE UNITED STATES:**
List all of your residences in the United States since your first entry, beginning with your present address.
If you need more space, attach an additional sheet(s). Indicate on the sheet(s) that the information refers to question **Number 30**.

| Street Name and Number (Apt. No.) | 15445 Cobalt St. #134 | | | | | |
|---|---|---|---|---|---|---|
| City Sylmar | State and Zip Code | CA 91342 | | From (mm/yy) 03/98 | To (mm/yy) Present | |

| Street Name and Number (Apt. No.) | 11738 Lemay St. #5 | | | | | |
|---|---|---|---|---|---|---|
| City N. Hollywood | State and Zip Code | CA 91606 | | From (mm/yy) 10/96 | To (mm/yy) 03/98 | |

| Street Name and Number (Apt. No.) | 1725 Grismer Ave. #109 | | | | | |
|---|---|---|---|---|---|---|
| City Burbank | State and Zip Code | CA 91505 | | From (mm/yy) 03/93 | To (mm/yy) 10/96 | |

**30. RESIDENCES IN THE UNITED STATES, continued:**

| Street Name and Number (Apt. No.) | 7870 Cherrystone Ave. | | | | | | |
|---|---|---|---|---|---|---|---|
| City: Van Nuys | State and Zip Code: CA 91402 | | From (mm/yy): 09/89 | | To (mm/yy): 03/93 | | |

| Street Name and Number (Apt. No.) | 1501 Madison St. | | | | | | |
|---|---|---|---|---|---|---|---|
| City: Hyattsville | State and Zip Code: MD | | From (mm/yy): 09/83 | | To (mm/yy): 09/89 | | |

| Street Name and Number (Apt. No.) | 1301 W. 1st St. | | | | | | |
|---|---|---|---|---|---|---|---|
| City: Los Angeles | State and Zip Code: CA 90026 | | From (mm/yy): 12/82 | | To (mm/yy): 09/83 | | |

| Street Name and Number (Apt. No.) | 5522 Carlton Wy | | | | | | |
|---|---|---|---|---|---|---|---|
| City: Hollywood | State and Zip Code: CA 90028 | | From (mm/yy): 10/80 | | To (mm/yy): 12/82 | | |

| Street Name and Number (Apt. No.) | | | | | | | |
|---|---|---|---|---|---|---|---|
| City: | State and Zip Code: | | From (mm/yy): | | To (mm/yy): | | |

| Street Name and Number (Apt. No.) | | | | | | | |
|---|---|---|---|---|---|---|---|
| City: | State and Zip Code: | | From (mm/yy): | | To (mm/yy): | | |

| Street Name and Number (Apt. No.) | | | | | | | |
|---|---|---|---|---|---|---|---|
| City: | State and Zip Code: | | From (mm/yy): | | To (mm/yy): | | |

| Street Name and Number (Apt. No.) | | | | | | | |
|---|---|---|---|---|---|---|---|
| City: | State and Zip Code: | | From (mm/yy): | | To (mm/yy): | | |

| Street Name and Number (Apt. No.) | | | | | | | |
|---|---|---|---|---|---|---|---|
| City: | State and Zip Code: | | From (mm/yy): | | To (mm/yy): | | |

| Street Name and Number (Apt. No.) | | | | | | | |
|---|---|---|---|---|---|---|---|
| City: | State and Zip Code: | | From (mm/yy): | | To (mm/yy): | | |

| Street Name and Number (Apt. No.) | | | | | | | |
|---|---|---|---|---|---|---|---|
| City: | State and Zip Code: | | From (mm/yy): | | To (mm/yy): | | |

**31. AFFILIATIONS OR ASSOCIATIONS:** To which you belong or have belonged. Please list all affiliations or associations, clubs, organizations, churches, unions, businesses, etc. to which you belong or have belonged. If you need more space, attach an additional sheet(s). Indicate on the sheet(s) that the information refers to question **Number 31.**

| Name of Organization | Location (City and State) | From (mm/yy) | To (mm/yy) |
|---|---|---|---|
| None | - | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**32. ABSENCES FROM THE UNITED STATES SINCE ENTRY:** List most recent absence first and then all previous absences dating back to January 1, 1982. If you need more space, attach an additional sheet(s). Indicate on the sheet(s) that the information refers to question **Number 32.**

| Country | Purpose of Trip | From (mm/yy) | To (mm/yy) |
|---|---|---|---|
| N/A | - | | |
| Mexico | visit wifes family | 7/1/99 | 10/10/99 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**32. ABSCENCES FROM THE UNITED STATES SINCE ENTRY, continued.**

| Country | Purpose of Trip | From (mm/yy) | To (mm/yy) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**33. EMPLOYMENT IN THE UNITED STATES SINCE ENTRY:** Show most recent employment first and then all previous employment dating back to January 1, 1982. If none, write "None." If you need more space, attach an additional sheet(s). Indicate on the sheet(s) that the information refers to question **Number 33.**

| Full Name of Employer | Self-Employed NEW IMAGE ROOFING / OWNER |
|---|---|

| Street Name and Number (Apt. No.) | 15445 Cobalt St. #134 |
|---|---|

| City | Sylmar | State and Zip Code | CA 91342 | Occupation | Roofing |
|---|---|---|---|---|---|
| Annual Wage | 41,600.00 | Hourly Wage | 20.00 | From (mm/yy) | 02/90 | To: (mm/yy) | Present |

| Full Name of Employer | Splundh Tree Expert |
|---|---|

| Street Name and Number (Apt. No.) | Viers Mill Rdl |
|---|---|

| City | Rockville | State and Zip Code | MD 20852 | Occupation | Tree trimming |
|---|---|---|---|---|---|
| Annual Wage | 14,500.00 | Hourly Wage | 7.00 | From (mm/yy) | 04/85 | To: (mm/yy) | 12/89 |

| Full Name of Employer | |
|---|---|

| Street Name and Number (Apt. No.) | |
|---|---|

| City | | State and Zip Code | | Occupation | |
|---|---|---|---|---|---|
| Annual Wage | | Hourly Wage | | From (mm/yy) | | To: (mm/yy) | |

**33. EMPLOYMENT IN THE UNITED STATES SINCE ENTRY, continued.**

Full Name of Employer

Street Name and Number (Apt. No.)

| City | | State and Zip Code | | Occupation | |
| Annual Wage | | Hourly Wage | | From (mm/yy) | | To: (mm/yy) | |

Full Name of Employer

Street Name and Number (Apt. No.)

| City | | State and Zip Code | | Occupation | |
| Annual Wage | | Hourly Wage | | From (mm/yy) | | To: (mm/yy) | |

Full Name of Employer

Street Name and Number (Apt. No.)

| City | | State and Zip Code | | Occupation | |
| Annual Wage | | Hourly Wage | | From (mm/yy) | | To: (mm/yy) | |

Full Name of Employer

Street Name and Number (Apt. No.)

| City | | State and Zip Code | | Occupation | |
| Annual Wage | | Hourly Wage | | From (mm/yy) | | To: (mm/yy) | |

Full Name of Employer

Street Name and Number (Apt. No.)

| City | | State and Zip Code | | Occupation | |
| Annual Wage | | Hourly Wage | | From (mm/yy) | | To: (mm/yy) | |

Full Name of Employer

Street Name and Number (Apt. No.)

| City | | State and Zip Code | | Occupation | |
| Annual Wage | | Hourly Wage | | From (mm/yy) | | To: (mm/yy) | |

**33. EMPLOYMENT IN THE UNITED STATES SINCE ENTRY, continued.**

| Full Name of Employer | |
|---|---|

| Street Name and Number (Apt. No.) | |
|---|---|

| City | State and Zip Code | Occupation |
|---|---|---|
| Annual Wage | Hourly Wage | From (mm/yy) | To: (mm/yy) |

| Full Name of Employer | |
|---|---|

| Street Name and Number (Apt. No.) | |
|---|---|

| City | State and Zip Code | Occupation |
|---|---|---|
| Annual Wage | Hourly Wage | From (mm/yy) | To: (mm/yy) |

| Full Name of Employer | |
|---|---|

| Street Name and Number (Apt. No.) | |
|---|---|

| City | State and Zip Code | Occupation |
|---|---|---|
| Annual Wage | Hourly Wage | From (mm/yy) | To: (mm/yy) |

| Full Name of Employer | |
|---|---|

| Street Name and Number (Apt. No.) | |
|---|---|

| City | State and Zip Code | Occupation |
|---|---|---|
| Annual Wage | Hourly Wage | From (mm/yy) | To: (mm/yy) |

| Full Name of Employer | |
|---|---|

| Street Name and Number (Apt. No.) | |
|---|---|

| City | State and Zip Code | Occupation |
|---|---|---|
| Annual Wage | Hourly Wage | From (mm/yy) | To: (mm/yy) |

| Full Name of Employer | |
|---|---|

| Street Name and Number (Apt. No.) | |
|---|---|

| City | State and Zip Code | Occupation |
|---|---|---|
| Annual Wage | Hourly Wage | From (mm/yy) | To: (mm/yy) |

**34.** ☐ I have registered under the Military Selective Service Act. My Selective Service Number is:

☐ I am a male over the age of 17 and under the age of 26 required to register under the Military Selective Service Act and have not done so. I wish to register at this time. My SSS Form 1 is attached.

☒ I am a male born after 1959 and over the age of 26 and cannot now register.

☐ I am exempt from Selective Service Registration either because I am a female or I was born before 1960.

**35.** Have you ever assisted in the persecution of any person or persons on account of race, religion, political opinion, nationality or membership in a particular social group?     Yes ☐   No ☒

**36.** Have you ever been treated for a mental disorder, drug addiction or alcoholism?     Yes ☐   No ☒

**37.** Have you **ever** committed a crime or offense for which you were **not** arrested?     Yes ☐   No ☒

Have you **ever** been arrested, cited or detained by any law enforcement officer (including USCIS or former INS and military officers) for any reason?     Yes ☐   No ☒

Have you **ever** been charged with committing any crime or offense?     Yes ☐   No ☒

Have you **ever** been convicted of a crime or offense?     Yes ☑   No ☒

Have you **ever** been in jail or prison?     Yes ☑   No ☒

Have you **ever** been placed in an alternative sentencing or a rehabilitative program (for example: diversion, deferred prosecution, withheld adjudication, deferred adjudication)?     Yes ☐   No ☒

Have you **ever** received a suspended sentence, been placed on probation or been paroled?     Yes ☐   No ☒

**38.** Have you, or a dependent member of your immediate family, ever received public assistance from any source, including, but not limited to, the United States Government, any state, county, city or municipality?

If yes, provide the names(s) of the recipients(s) and U.S. Social Security number(s).     Yes ☐   No ☒

| | |
|---|---|
| | |
| | |

**39.** Have you ever:

a. within the past 10 years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future?     Yes ☐   No ☒

b. engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling?     Yes ☐   No ☒

c. knowingly encouraged, induced, assisted, abetted or aided any alien to try to enter the United States illegally?     Yes ☐   No ☒

d. illicitly trafficked in any controlled substance, or knowingly assisted, abetted or colluded in the illicit trafficking of any controlled substance?     Yes ☐   No ☒

Have you ever engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to any person or organization that has ever engaged or conspired to engage in sabotage, kidnapping, political assassination, hijacking or any other form of terrorist activity?     Yes ☐   No ☒

Do you intend to engage in the United States in:     Yes ☐   No ☒

a. espionage?     Yes ☐   No ☒

b. any activity a purpose of which is opposition to, or the control or overthrow of, the government of the United States, by force, violence or other unlawful means?     Yes ☐   No ☒

c. any activity to violate or evade any law prohibiting the export from the United States of goods, technology or sensitive information?     Yes ☐   No ☒

Have you ever been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party?     Yes ☐   No ☒

Did you, during the period from March 23, 1933 to May 8, 1945, in association with either the Nazi Government of Germany or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist or otherwise participate in the persecution of any person because of race, religion, national origin or political opinion?     Yes ☐   No ☒

Have you ever engaged in genocide, or otherwise ordered, incited, assisted or otherwise participated in the killing of any person because of race, religion, nationality, ethnic origin or political opinion?     Yes ☐   No ☒

Have you ever been deported from the United States, or removed from the United States at government expense, excluded within the past year, or are you now in exclusion, deportation, removal or recission proceedings?     Yes ☐   No ☒

Are you under a final order of civil penalty for violating section 274C of the Immigration and Nationality Act for use of fraudulent documents or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the United States or any immigration benefit?     Yes ☐   No ☒

| Have you ever left the United States to avoid being drafted into the United States Armed Forces? | Yes ☐ | No ☒ |
|---|---|---|
| Have you ever been a J nonimmigrant exchange visitor who was subject to the two-year foreign residence requirement and have not yet complied with that requirement or obtained a waiver? | Yes ☐ | No ☒ |
| Are you now withholding custody of a United States citizen child outside the United States from a person granted custody of the child? | Yes ☐ | No ☒ |
| Do you plan to practice polygamy in the United States? | Yes ☐ | No ☒ |

**40.** If your native alphabet is in other than Roman letters, write your name in your native alphabet.

N/A

**41.** Language of your native alphabet.   SPANISH (Español)

**42. Signature and Certification of Applicant.**

I CERTIFY, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. I hereby consent and authorize the U.S. Citizenship and Immigration Services to verify the information provided and to conduct police, welfare and other record checks pertinent to this application.

Signature _____   Date  12/31/05

**43.** Signature of person preparing form, if other than applicant.

I declare under penalty of perjury that I prepared this application at the request of the above person.

The answers provided are based on information of which I have personal knowledge and/or were provided to me by the above named person in response to the exact questions contained on this form.

Signature _____   Date  12/31/05

Print Name   LUTHER V. LINTON

Address   3438 POTOMAC AVENUE

LOS ANGELES,  CA          90016-4117

Telephone number with area code

( 323 ) 733-7585

---

## U.S. Citizenship and Immigration Services Use Only

**44.** Recommendation: Temporary Residence  ☐ Approved    ☐ Denied

**45.** Recommendation: Waiver of Inadmissibility under Section 212(a)          ☐ Approved   ☐ Denied

| **46.** Class of Admission | **47.** Place of Adjustment | **48.** Date of Adjustment |
|---|---|---|
| **49.** Recommended by (Print Name and Title) | **50.** ID Number | **51.** Date |

**52.** Final Action: Temporary Residence  ☐ Approved   ☐ Denied

| **53.** Director, Regional Processing Center | **54.** ID Number | **55.** Date |
|---|---|---|



**Department of Homeland Security**
U.S. Citizenship and Immigration Services

OMB No. 1615-0090; Expires 11/30/04
**Form I-687 Supplement**

## CSS/Newman (LULAC) Class Membership Worksheet

**LEGALIZATION APPLICANTS:** You must complete this Class Membership Worksheet and file it with your Form I-687 if you are applying for legalization under the Immigration Reform and Control Act of 1986 (IRCS), 8 U.S.C. 1255a, pursuant to the settlement agreeents reached in Catholic Social Services v. Ridge et al. (CSS) or Newman v. USCIS. (Newman/LULAC). Your completed Form I-687, with fee, together with this worksheet must be received by USCIS no later than December 31, 2005.

In order to apply, answer every question on this Class Membership Worksheet, which is a supplement to your application for temporary resident status. Provide your complete name and Alien Registration Number (A#) and mark your responses in the boxes provided below.

| Family Name (in capital letters) | Given Name | Middle Name | A Number |
|---|---|---|---|
| BENITEZ BENITEZ | Julio | Cesar | 026-201-480 |

**1.** During the period between May 5, 1987 and May 4, 1988, did you (or a parent or spouse) visit an office of the former Immigration and Naturalization Service (INS) to apply for legalization, but were turned away because the INS or the Qualified Designated Entity (QDE) believed that **(1)** you had traveled outside the United States after November 6, 1986, without advance parole, OR **(2)** you had traveled outside the United States and returned after January 1, 1982, with a visitor's visa, student visa or any other type of visa or travel document?

Yes ☒   No ☒

**2.** Did you enter the United States before January 1, 1982, and then reside in a continuous unlawful status, except for brief absences, from before 1982 until the date you (or your parent or spouse) were turned away by the INS when you (or your parent or spouse) tried to apply for legalization during 1987 to 1988?

☒ ☐

**3.** Were you continuously physically present in the United States, except for brief, casual and innocent departures from November 6, 1986, until the date you (or your parent or spouse) were turned away by the INS when you (or your parent or spouse) tried to apply for legalization?

☒ ☐

**4.** Have you ever been convicted of a felony or three or more misdemeanors committed in the United States, or have you ever been convicted of crimes, or committed acts which make you inadmissible pursuant to any provision of the Immigration and Nationality Act including but not limited to: section 212(a)(2)(A)(i)(I) (crime involving moral turpitude); section 212(a)(2)(B) (multiple criminal convictions); section 212(a)(2)(C) (controlled substance traffickers); Section 212(a)(2)(A)(i)(II) (controlled substances ); section 212(a)(3) (security and related grounds)?

☐ ☒

**5.** Did you (or your parent or spouse) apply for a work permit or otherwise register for class membership under CSS or Newman/LULAC before October 1, 2000. If "Yes," attach copies of any available proof (for example, your CSS or Newman work permit).

☐ ☒

**6.** When you (or your parent or spouse) visited the INS or a QDE during the legalization application period, did you (or your parent or spouse) bring with you a completed legalization application and fee?

☒

**NOTE:** If you answered "Yes" to Questions 1, 2 and 3 and "No" to Question 4, and "Yes" to either Question 5 or 6, your answers indicate that you may be eligible for legalization under the settlement agreements.

### APPLICANT'S CERTIFICATION:

I certify, under the penalty of perjury under the laws of the United States of America, that this worksheet and the evidence submitted with it are all true and correct. I authorize the release of any information from the records that the U.S. Department of Homeland Security needs to determine eligibility for the benefit I am seeking.

I understand that information I provide in connection with this Class Membership Worksheet is confidential and may not be used to arrest, remove or deport me or for any purpose unrelated to the adjudication of this Class Membership Worksheet, except as provided in 8 U.S.C. 1255a(c)(5).

| Signature | Date |
|---|---|
|  | 12/31/05 |

Declaration

1    Julio Cesar Benitez
2    15445 Cobalt St., #134
     Sylmar, CA 91342
3
     Applicant for class membership, pro se
4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10
     CATHOLIC SOCIAL SERVICES, INC., -          )    Case No.: Civ. S-86-01343-LKK/JFM
11   IMMIGRATION PROGRAM, et al.,               )
                                                )    **DECLARATION OF JULIO CESAR**
12              Plaintiffs,                      )    **BENITEZ**
                                                )
13        v.                                    )
                                                )
14   JANET NAPOLITANO, SECRETARY,               )
15   U.S. DEPARTMENT OF HOMELAND                )
     SECURITY, et al.,                          )
16                                              )
                Defendants.                     )
17                                              )
                                                )
18   _____           )

19

20        I, JULIO CESAR BENITEZ, aka Julio Cesar Benitez-Benitez, declare:

21        1. I am a person who is a class applicant in this CSS class-action lawsuit. I am over the age of

22   eighteen. I have personal knowledge of the following facts and would and could competently testify

23   thereto if called upon to do so. I submit this declaration to object to the decision of the Special Master

24   on my case, which I understand I have a right to do so under the federal civil procedure rules.

25        2. I timely submitted an Application for Class Membership as allowed for under the Settlement

26   Agreement in this case because I had traveled in 1987 outside the United States without permission,

                                              - 1 -

1  among other requirements of the class. The Defendant INS denied my application on May 22, 2007. I

2  timely appealed this decision to the Special Master, who denied my appeal on July 31, 2009.

3  3. When I submitted my appeal to the Special Master, my attorney at the time wrote in an

4  attachment to the appeal form dated June 22, 2007, that I had also left the U.S. in late 1987 but the

5  interviewer, an INS officer, was hostile, and did not want to hear about that trip, and that my trip in July

6  1999 abroad was not the only time I have left the U.S. This was what I told my attorney at the time and

7  it is true. In regard to the 1987 trip, the Special Master wrote on page 2 of the decision that "Mr.

8  Benitez-Benitez's sworn appeal, which lacks specificity as to when and where he traveled or why his

9  application was rejected, is not persuasive."

10  4. I would like to give more details here about my 1987 trip. Around the beginning of 1987, I

11  was living in Los Angeles, and had met my girlfriend Blanca Benitez, who is now my wife, and was

12  going out with her. By the end of that year, we were becoming serious so she invited me to go visit her

13  family for the Christmas holidays in her hometown in Compostela, Nayarit State, in Mexico. I agreed to

14  go with her even though I had no immigration papers at the time. However, because I came to the U.S.

15  in 1980 from El Salvador, I knew at that time there was the new amnesty program allowing people like

16  me to legalize, and I planned to come back afterward and apply. I did not obtain permission from the

17  INS prior to leaving, such as advanced parole. We left the U.S. on about December 20, 1987.

18  5. I had a great time visiting Blanca's family in Compostela. After the New Year of 1988, I

19  decided I was going to stay in Mexico for a while, and I looked for a job. Because I had worked in

20  construction in Los Angeles, I decided to find work in that field. I found a job with MGRS Design,

21  Construction, and Building doing masonry work. Although at that time, the company might have been

22  just called MGRS Construction, I cannot remember for sure.

23  6. However, after only about twelve days, although I did the job well, I decided that life in

24  Compostela was not for me, and I wanted to get back to the U.S. On January 15, 1988, I decided to quit

25  on good terms with the people at MGRS. After that, I crossed the border illegally and came back to Los

26  Angeles.

- 2 -

Declaration of Julio Cesar Benitez

1        7. In about February or March of 1988, a friend of mine recommended that if I wanted to apply

2    for amnesty, I should go to a certain organization or office that was designated by the INS to accept

3    amnesty applications for people like me. It was in the city of Van Nuys on Vanowen Street. When I got

4    there, I did not have a completed amnesty application. The persons at the office asked me a few brief

5    questions, including when I came to the U.S., and where I had been living since then, to which I

6    answered I had been living continuously since 1980 in Los Angeles.

7        8. When they asked if I had traveled outside the United States, I said yes, I had just came back

8    from Mexico in January and I had left the U.S. on December 20, 1987. They asked me if I had received

9    permission from INS to leave and I answered them no. As soon as I said that, they told me I did not

10   qualify for amnesty because of my trip. I asked them if they were sure, and they said yes. I was very

11   surprised and disappointed.

12       9. Because I was not sure about what that office told me, I decided to go to the INS office at

13   Plaza del Sol on 1241 South Soto Street in Los Angeles, to ask for verification. I was a little bit afraid to

14   go to INS itself because maybe they could arrest and deport me. But I went anyway. Once there, I was

15   asked the same kind of questions and when I told them I had just went to Mexico without permission

16   and came back, they also told me I did not qualify for amnesty for sure. As soon as I heard that, I got

17   out of there as quickly as I could.

18       10. Because I was told twice that I did not qualify for amnesty, I became discouraged and did

19   not file an application for amnesty, and could not get legal status in the U.S. Then, in about 2005, I

20   heard that there was a new court case reopened for people like me who were discouraged from filing for

21   amnesty in 1987 and 1988. I sought out help and found about the CSS class and that I should apply.

22       11. When I applied for class membership as part of this CSS class in December 2005, I told the

23   person who helped me with the application about my 1987 trip but apparently he never wrote it down in

24   the forms, which I did not find out until later. I did not read in detail the application that he prepared,

25   but only signed it.

26

-3-

Declaration of Julio Cesar Benitez

12. At the INS interview on October 23, 2006 at the INS Soto Street office, when the officer asked me about my "last trip" outside the U.S., I answered in July 1999 until October 1999. Then, when I tried to tell her that I had another trip outside the U.S. before that, she cut me off, and said "that's not necessary." I tried to continue telling her about my first trip but she started getting upset with me so I became intimidated and stopped. Because I could speak English well, I attended the interview by myself, but I was nervous. I did not have an attorney with me. The officer asked me certain questions about the CSS procedure that I did not quite understand, such as if I had met "all the requirements" of being a member of the CSS class, which I said I thought I did. The person who prepared my application had told me about what the CSS class membership required but I did not understand it all completely. I only knew that he told me I qualified because I was turned away from applying for amnesty in 1988 by the office in Van Nuys and by the INS on Soto Street.

13. At some point, I remember the officer telling me that I should change my response on a question of the class membership worksheet from "Yes" to "No". I was not sure what she meant, but I thought she told me that if an organization or the INS had not turned me away from my "last trip," that I should answer "No" to that question. Because she had only allowed me to talk about my last trip in 1999, I thought that was the trip the officer was referring to, and of course, the organization in Van Nuys and the INS never told me to not apply for amnesty because of that 1999 trip. So, I thought that was what she meant and that she was correct for me to change my response to "No." I did it per her directions and then initialed it "J.B", as I was told to do. I did not find out later until I appealed to the Special Master when my attorney at the time explained to me that I had been told erroneously to change my response to "No" on the very important question asking if I was turned away by an organization or by the INS because they believed that I had traveled outside the U.S. after November 6, 1986 without permission. After November 6, 1986 obviously included my 1987 trip, and so the answer to that question should have remained "Yes," as had been done originally for me by the form preparer person.

- 4 -

14. That was a mistake. I was turned away twice from applying for amnesty in 1988 because they told me I had traveled without permission in 1987-1988. If I had understood better during the interview that was the question the officer wanted me to answer "No" to, I would not have done so.

15. After the Special Master denied my case on July 31, 2009, I understood that I did not have proof before for my 1987 trip. So, I contacted the MGRS company which is still in business in Compostela. Because the people in that company are acquainted with my in-laws who live there, some of them still remember me, plus I had kept in touch with them over the years because I myself have a roofing business. The general director of the company has written a letter on August 10, 2009, stating that I was working for them in Compostela in January 1988. A true copy of that letter and translation are attached hereto as Exhibit 1.

16. I have been married to my wife since 1992 and have two children. A true copy of a City of Los Angeles Tax Registration Certification for my and my wife's business, "New Image Roofing, Inc." and a copy of a State Compensation Insurance Fund endorsement for our company are attached hereto under Exhibit 2.

I declare under the penalty of perjury of the law of the United States of America that the foregoing is true and correct. Executed this 22nd day of August, 2009, in Sylmar, California.

JULIO CESAR BENITEZ

-5-

Declaration of Julio Cesar Benitez



Compostela, Nay. a 10 de Agosto de 2009

**A QUIEN CORRESPONDA**

Por medio de la presente hago de su conocimiento que el Sr. Julio César Benitez Benitez laboró en

ésta empresa en el periodo comprendido del 3 al 15 de Enero de 1988 con el cargo de Oficial de

Albañil, desempeñando su labor de una manera eficaz, óptima y responsable.

Dejo la presente a su consideración.

**A T E N T A M E N T E**

Director General
Arq. Manuel Gradilla Rodriguez

# TRANSLATION OF A DOCUMENT

[Letterhead of MGRS Design, Construction, and Building]

Compostela, Nayarit [, Mexico], August 10, 2009

To Whom It May Concern:

Through the present letter I attest to the fact that Mr. Julio Cesar Benitez worked in this company during the period from the 3rd to the 15th of January, 1988, with the head of the masonry crew, performing his work in an optimal and responsible manner.

Submitted for your consideration.

Sincerely,

/s/

Arq. Manuel Gradilla Rodriguez,
General Director

● ●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●●

I, Nelly Mendoza, certify that I am fluent in the Spanish and English languages, and that the above translation is an accurate translation of the document attached to the best of my knowledge and ability.

Dated: August 21, 2009.

Signed: _____

Name: Nelly Mendoza

Address:



THIS CERTIFICATE MUST BE POSTED AT PLACE OF BUSINESS



# CITY OF LOS ANGELES TAX REGISTRATION CERTIFICATE
THIS CERTIFICATE IS GOOD UNTIL SUSPENDED OR CANCELLED
## BUSINESS TAX

ISSUED: 10/15/2006

| ACCOUNT NO.<br>0002186184-0001-3 | FUND/CLASS<br>L188 | DESCRIPTION<br>Contractor | STARTED<br>09/29/2006 | STATUS<br>Active # |
|---|---|---|---|---|

I S S U E D

T O

NEW IMAGE ROOFING INC

15445 COBALT STREET APARTMENT #
SYLMAR, CA 91342-2743

15445 COBALT STREET APARTMENT #
SYLMAR, CA 91342-2743

ISSUED BY:

Antoinette D. Christable

DIRECTOR OF FINANCE

NOTIFY THE OFFICE OF FINANCE IN WRITING OF ANY CHANGE IN OWNERSHIP OR ADDRESS
FORM 2000   (rev. 6/01)                                IMPORTANT - READ REVERSE SIDE

P.O. BOX 53200, LOS ANGELES CA 90053-0200

**STATE** ENDORSEMENT AGREEMENT
**ELIMINATING AND REPLACING VARIABLE ON ENDORSEMENT**

**COMPENSATION**
**INSURANCE**
**FUND**

HOME OFFICE
SAN FRANCISCO

1845663-07
RENEWAL
SC

PAGE    1 OF 1

ALL EFFECTIVE DATES ARE
AT 12:01 AM PACIFIC
STANDARD TIME OR THE
TIME INDICATED AT
PACIFIC STANDARD TIME

**EFFECTIVE MARCH    1, 2007 AT 12.01 A.M.**

NEW IMAGE ROOFING, INC

15445 COBALT ST SPC 134
SYLMAR, CA 91342

ANYTHING IN THIS POLICY TO THE CONTRARY NOTWITHSTANDING,
IT IS AGREED THAT THE ENDORSEMENT ENTITLED:

CORPORATE OFFICERS AND DIRECTORS EXCLUDED

NUMBER                1600

REGARDING
BLANCA P BENITEZ PTS

ATTACHED TO AND FORMING A PART OF THIS POLICY IS HEREBY
ELIMINATED AND REPLACED BY:
BLANCA BENITEZ PRES SEC TRES
JULIO CESAR BENITEZ CEO

PLEASE SEE THE ATTACHED NEW CODED ENDORSEMENT, WHICH
SUPERSEDES AND REPLACES THE PREVIOUS CODED ENDORSEMENT
1600 YOU RECEIVED.

NOTHING IN THIS ENDORSEMENT CONTAINED SHALL BE HELD TO  VARY, ALTER, WAIVE
OR EXTEND ANY OF THE TERMS, CONDITIONS, AGREEMENTS, OR LIMITATIONS OF THIS
POLICY OTHER THAN AS STATED.    NOTHING  ELSEWHERE  IN  THIS POLICY SHALL BE
HELD TO  VARY, ALTER, WAIVE OR LIMIT THE TERMS,  CONDITIONS,  AGREEMENTS OR
LIMITATIONS OF THIS ENDORSEMENT.

COUNTERSIGNED AND ISSUED AT SAN FRANCISCO:    SEPTEMBER    7, 2007                9932

James Meany
AUTHORIZED REPRESENTATIVE

PRESIDENT

## PROOF OF SERVICE BY MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18

and not a party to the within action. My Business Address is 11664 National Boulevard, Suite

317, Los Angeles, CA 90064.

On August 22, 2009, I served the foregoing documents described as **OBJECTIONS TO**

## SPECIAL MASTER'S DECISION; DECLARATION OF JULIO CESAR BENITEZ on

interested parties in this action by depositing into the United States mail at Los Angeles,

California, a true copy of the document inside a first-class postage pre-paid envelope addressed

to:

> Attorneys for Defendant
> Anthony Norwood, Esq.
> Office of Immigration Litigation
> P.O. Box 878
> Ben Franklin Station
> Washington, D.C. 20044
>
> Attorneys for Class Representatives
> Peter A. Schey, Esq.
> Carlos R. Holguin, Esq.
> Center for Human Rights and Constitutional Law
> 256 S. Occidental Blvd.
> Los Angeles, CA 90057

Executed on August 22, 2009, at Los Angeles, California. I declare under penalty of

perjury under the laws of the State of California that the foregoing is true and correct.

Larry Doan