CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
Carlos Holguin (CSB No. 90754)
Peter A. Schey (CSB No. 58232)
256 S. Occidental Blvd.
Los Angeles, CA 90057
Telephone:  (213) 388-8693, ext. 302
Facsimile:  (213) 386-9484
Email: crholguin@centerforhumanrights.org

GIBBS, HOUSTON & PAUW
Robert H. Gibbs (WSBA 5932)
Robert Pauw
1000 Second Ave. Suite 1600
Seattle, WA 98104
Telephone: (206) 224-8790
(*Pro Hac Vice*)

ASIAN LAW CAUCUS
Ivy Lee
720 Market Street
San Francisco, CA 94102
Telephone: (415) 391-1655

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CATHOLIC SOCIAL SERVICES, INC.,— IMMIGRATION PROGRAM, *et al*., <br><br> Plaintiffs, <br><br> - vs - <br><br> JANE NAPOLITANO, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, *et al*., <br><br> Defendants. | Case No. Civ S-86-1343-LKK <br><br> EXHIBITS IN SUPPORT OF MOTION FOR CLASS-WIDE ENFORCEMENT OF SETTLEMENT. <br><br><br><br><br> Hearing: November 23, 2009. <br> Time: 10:00 a.m. <br> Courtroom 4 |

## INDEX TO EXHIBITS

| Exhibit No. | Description | Page |
|---|---|---|
| 1 | Decision re: Jose Vega Vega, March 12, 2007. | 1 |
| 2 | Declaration of Jose Vega Vega, March 4, 2009. | 5 |
| 3 | Declaration of Laura W. Brown, March 6, 2009. | 7 |
| 4 | Decision of Special Master, April 19, 2009. | 8 |
| 4.1 | AAO decision re: Jose Vega Vega, April 28, 2009. | 12 |
| 5 | Decision re: Ruben Sandoval Erazo, December 29, 2005. | 14 |
| 6 | Notice of Intent to Deny re: Ruben Sandoval Erazo, August 28, 2006. | 16 |
| 7 | Response to NOID by Ruben Sandoval Erazo September 28, 2006. | 18 |
| 8 | Receipt re: motion to reopen by Ruben Sandoval Erazo. | 22 |
| 9 | Decision re: Jose Martinez Campos, July 13, 2006. | 23 |
| 10 | Appeal to special master by Jose Martinez Campos, April 4, 2007. | 25 |
| 11 | Motion to reopen by Jose Martinez Campos, August 10, 2006. | 28 |
| 12 | Decision denying motion to reopen by Jose Martinez Campos, December 5, 2006. | 32 |
| 13 | Letter brief in opposition to special master appeal of Jose Martinez Campos, April 24, 2009. | 33 |
| 14 | Decision of special master re: Jose Martinez Campos, April 19, 2009. | 34 |
| 15 | Decision re: Guillermo Velasco Figueroa, August 31, |

2007. ........................................................................36

16          Decision re: Prince Twumasi, August 23, 2006. ..........................37

17          Decision re: Elsie Uwaka, February 23, 2006. .............................38

18          Decision re: John Tsiboe, February 8, 2006 ...............................39

19          AAO decision re: Kwaku Yeboah, November 21,
            2007. ........................................................................40

20          Decision re: Martha Araceli Soto, February 1, 2006. ...................42

21          Decision re: Olaniyi Sofoluke, July 20, 2006 .............................43

22          Decision re: Jesuita Castillo Navarro, September 14,
            2006. ........................................................................44

23          Decision re: Lascilda Knox Birch, February 10, 2006. ...............45

23.1        Decision re: Juan Manuel Moreno Marin, October 26,
            2006. ........................................................................46

24          Letter re: Mario de la Cruz Reynaga...........................................48

25          Record of Deportable/Inadmissible Alien, September
            13, 2000. ...................................................................51

26          Decision re: Mario de la Cruz-Reynaga, February 6,
            2007. ........................................................................52

26.1        Letter brief in opposition to special master appeal of
            Mario de la Cruz-Reynaga, April 9, 2008 .............................53

27          Special Master's decision re: Mario de la Cruz-
            Reynaga, March 2, 2009. ...............................................55

28          Application for Temporary Resident Status by Stanley
            Samaratunga, December 30, 2005. ..................................60

29          Appointment notice and response of Stanley
            Samaratunga, September 2006. ......................................70

30          Letter re: Stanley Samaratunga, October 14, 2006......................72

31      Decision re: Stanley Samaratunga, February 6, 2007 ................... 73

32      Decision re: Mohani Singh, July 10, 2006. ................................... 74

33      Letter re: meet-confer, April 6, 2009. ........................................... 75

34      Proposed interrogatories, requests for admissions, and
        requests for production of documents. ......................................... 78

Dated: October 12, 2009.                    CENTER FOR HUMAN RIGHTS AND
                                            CONSTITUTIONAL LAW
                                            Carlos R. Holguín
                                            Peter A. Schey

                                            GIBBS, HOUSTON & PAUW
                                            Robert H. Gibbs
                                            Robert Pauw
                                            (*Pro Hac Vice*)

                                            ASIAN LAW CAUCUS
                                            Ivy Lee



                                            _____
                                             Carlos Holguín

                                            *Attorneys for plaintiffs*

/ / /

Exhibit 1



**U.S. Citizenship
and Immigration
Services**

MAR 1 2 2007

A93 144 471

Jose Vega Vega
231 Dublin Street
San Francisco, Ca 94112

## DECISION

On June 23, 2004, you filed an Application for Temporary Residence (I-687) under the CSS/Newman Settlement agreement with the Missouri Service Center claiming to be eligible for Legalization pursuant to Section 245A of the Immigration and Nationality Act (ACT) as amended.

The Missouri Service Center determined that you were prima facie eligible for Legalization pursuant to the CSS/Newman Settlement agreement and forwarded your application to the San Francisco District Office for an interview.

The term "prima facie" as used in the ACT, means eligibility is established if the applicant presents a completed Application for Temporary Residence (I-687) and specific factual information, which in the absence of rebuttal will establish a claim of eligibility.

For immigration benefits of temporary residence through the Legalization provisions of the ACT, an alien must establish that they meet the eligibility requirements as set forth in section 245A.

Section 245A of the ACT provides the following requirements:

(1) Timely Application.

(2) Continuous unlawful residence since 1982.

    (A) In general. The alien must establish that he has resided continuously in the United States in an unlawful status since such date and through the date the application is filed under this subsection.

(3) Continuous physical presence since enactment.

    (A) In general. The alien must establish that the alien has been continuously physically present in the United States since the date of the enactment of this section [November 6, 1986].

000001



**U.S. Citizenship
and Immigration
Services**

MAR 1 2 2007

A93 144 471

Jose Vega Vega
231 Dublin Street
San Francisco, Ca  94112

## DECISION

On June 23, 2004, you filed an Application for Temporary Residence (I-687) under the CSS/Newman Settlement agreement with the Missouri Service Center claiming to be eligible for Legalization pursuant to Section 245A of the Immigration and Nationality Act (ACT) as amended.

The Missouri Service Center determined that you were prima facie eligible for Legalization pursuant to the CSS/Newman Settlement agreement and forwarded your application to the San Francisco District Office for an interview.

The term "prima facie" as used in the ACT, means eligibility is established if the applicant presents a completed Application for Temporary Residence (I-687) and specific factual information, which in the absence of rebuttal will establish a claim of eligibility.

For immigration benefits of temporary residence through the Legalization provisions of the ACT, an alien must establish that they meet the eligibility requirements as set forth in section 245A.

Section 245A of the ACT provides the following requirements:

(1) Timely Application.

(2) Continuous unlawful residence since 1982.

   (A) In general. The alien must establish that he has resided continuously in the United States in an unlawful status since such date and through the date the application is filed under this subsection.

(3) Continuous physical presence since enactment.

   (A) In general. The alien must establish that the alien has been continuously physically present in the United States since the date of the enactment of this section [November 6, 1986].

000002

Vega Vega, Jose
A93 144 471
Page 3

          (F) Establishes how the author knows the applicant; and
          (G) Establishes the origin of the information being attested to.

     (vi)     Additional documents to support the applicants claim…

(t)(1)…Aliens who were outside of the United States after enactment may apply for
     Legalization if they reentered prior to May 1, 1987, provided they meet the
     continuous residence requirements, and are otherwise eligible for Legalization.

During your interview on May 9, 2005, you clamed that you entered the United States in
January 1981. During this interview, you were definite on details but when asked for specific
dates of filing for amnesty, you could not recall. You also could not recall that you resided
with your sister prior to coming to the United States as indicated in your brother's affidavit.

You claimed that you were told that you were not qualified to file under legalization as you
had left the United States to obtain an original birth certificate, which was requested for your
application. The birth certificate that you submitted was typed in red ink, however, preprinted
text on the documentation in black ink appear to be typed on top of the red ink.

You stated that you said hi to the person at the port of entry in 1981 when you crossed into the
United States. As the immigration officer at the port of entry allowed you to enter the United
States, you were admitted.

In addition, Section 103.2 of the ACT states in pertinent parts:

     (1) General. An applicant or petitioner must establish eligibility for a requested
     immigration benefit….Any evidence submitted is considered part of the relating
     application or petition.

     (2)(b)(2)(i) General. The non-existance or other unavailability of required evidence
     creates a presumption of ineligibility. If a required document,…does not exist or
     cannot be obtained, an applicant or petitioner must demonstrate this and submit
     secondary evidence…If secondary evidence also does not exist or cannot be obtained,
     the applicant…must demonstrate the unavailability of both the required document and
     relevant secondary evidence, and submit two or more affidavits, affidavits must
     overcome the unavailability of both primary and secondary evidence.

     (8) Request for evidence. If there is evidence of ineligibility in the record, an
     application or petition shall be denied on that basis notwithstanding any lack of
     required initial evidence.

Section 101 of the ACT defines residence in pertinent part:

     (33) The term "residence" means the place of general abode of a person means his
     principal, actual dwelling place in fact, without regard to intent.

000003

Vega Vega, Jose
A93 144 471
Page 4

8 (CFR) 245a.1(c)(1) provides further guidance on residence in the following pertinent parts:

(i) No Single absence from the United States has exceeded 45 days, and the aggregate of all absences has not exceeded 180 days between 1/1/82 through the date the application for temporary resident status is filed…

(ii) The alien was maintaining residence in the United States,…

8 Code of Federal Regulations (CFR) 245a.1 further defines the term known to the Government as follows:

(2)(d) In the term alien's unlawful status was known to the government, the term government means the INS. An alien's unlawful status was known to the government only if:

(1) The Service received factual information constituting a violation of the alien's nonimmigrant status from any agency, bureau, or department…of the Federal Government and such information was stored or otherwise recorded in the official Service alien file.…In order to meet the standard of information constituting a violation of the alien's nonimmigrant status, the alien must have made a clear statement or declaration to the other federal agency, bureau, or department that he or she was in violation of nonimmigrant status.

You have failed to provide sufficient documentation to fulfill the requirements of the ACT under Section 245A, therefore, your application cannot be approved.

On January 29, 2007, United States Citizenship and Immigration Services sent you a notice of intent to deny your application (MSC 04-297-11478), which was prepared by William Porter Stout. The application package did not indicate that the applicant was represented by an attorney on this application and there was no G-28 in the filed documentation.

It is noted that on February 27, 2007, the applicant and his attorney responded to a notice of intent to deny the LIFE legalization application (I-485) dated January 29, 2007; however, the applicant did not respond to the notice of intent to deny his application filed under CSS/Newman (I-687).

As there was no response to the notice of intent, your Application for Temporary Residence (I-687) under the CSS/Newman Settlement Agreement is denied.

Sincerely,

David N. Still
District Director

cc:  Peter Shey, Esq.

000004

Exhibit 2

DECLARATION OF JOSE VEGA VEGA

I, Jose Vega Vega, declare and say as follows:

1. I am the within applicant for legalization pursuant to § 245A of the Immigration and Nationality Act and the settlement in *Catholic Social Services v. Secretary of Homeland Security* (*CSS*).

2. I am in receipt of a notice of intent to deny (NOID) my legalization application date-stamped January 29, 2007, and issued under the signature of U.S. Citizenship and Immigration Services District Director David N. Still. A true and correct copy of the NOID is attached.

3. The first time I ever received a copy of the NOID was on or about February 11, 2009, when a copy of it was included in the record of proceedings (ROP) forwarded to me in connection with my appeal to the special master overseeing the *CSS* settlement. I do not know why the NOID had not previously been mailed to me: I have resided at the same address, 231 Dublin Street, San Francisco, California, since 1993, and mail delivery at my home address has always been reliable. Further, the ROP arrived in due course at my home address, whereas the NOID did not. As appears in the annexed copy, the NOID was addressed to the same address as was the ROP.

4. I have been informed by my attorney, Nancy Fellom, that a copy of the NOID was never received at her office either. Ms. Fellom has had a G-28 on file as my representative since on or about May 23, 2002.

5. Based on the foregoing, I do not believe the January 29, 2007, NOID was ever mailed to me or to my attorney of record, yet on March 12, 2009, my legalization application was denied without further notice because "there was no response to the notice of intent ...."

6. I am also an applicant for adjustment of status under § 1104 of the LIFE Act. As noted in the denial of my § 245A/CSS application, on February 27, 2007, I

timely responded to a notice of intent to deny my LIFE Act application, and had I been aware of the February 27, 2007, NOID I would have timely responded to it as well.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of March, 2009, at San Francisco, California.

_____
Jose Vega Vega

/ / /

000006

Exhibit 3

## DECLARATION OF LAURA W. BROWN

I, Laura W. Brown, declare and say as follows:

1. I am attorney with the Law Offices of Fellom & Solorio. Our office has represented Jose Vega Vega with respect to his applications for legalization pursuant to § 245A of the Immigation and Nationality Act and the settlement in *Catholic Social Services v. Secretary of Homeland Security* (CSS), and for adjustment of status under § 1104 of the LIFE Act since May 23, 2002, when attorney Nancy Fellom of our office filed a G-28 entering a general appearance on behalf of Mr. Vega.

2. I have been advised that a notice of intent to deny (NOID) Mr. Vega's legalization application and date-stamped January 29, 2007, was included in the record of proceedings (ROP) forwarded to Mr. Vega in connection with his appeal to the CSS special master from the denial of his legalization application. I have never seen the NOID. I have inquired of Ms. Fellom and our office's administrative staff, and all have confirmed that our office never received the January 29, 2007, NOID.

3. Based on the foregoing, I do not believe the January 29, 2007, NOID was ever mailed to this office.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of March, 2009, at San Francisco, California.

Laura W. Brown

/ / /

Exhibit 4

In Re: Applicant/Petitioner Jose Vega Vega    A 93-144-471

Re: *Catholic Social Services, et al., v. Ridge, et al.,* Civ. S-86-1343-LKK (E.D.Cal.)
   *Newman, et al., v. Ridge, et al.,* No. CV 87-4757-WDK (C.D.Cal.)

## DECISION OF SPECIAL MASTER

Jose Vega Vega appeals the decision of the U.S. Citizenship & Immigration Services (USCIS), dated March 12, 2007.

In the March 12, 2007 Decision, USCIS denied Mr. Vega's Application for Temporary Residence on grounds that: 1) he failed to provide sufficient documentation to fulfill the requirements of Section 245A; and 2) he did not respond to the Notice of Intent to Deny (NOID), purportedly sent on January 29, 2007. The Decision failed to provide Mr. Vega with notice of his appeal rights.

On April 11, 2007, Mr. Vega gave Defendants notice of his intent to appeal to the Special Master. His counsel explained that she intended to submit for the Special Master's review the allegation by USCIS that Mr. Vega failed to respond to a NOID. She argued that any claim by USCIS that Mr. Vega abandoned his application would violate his rights under the Settlement Agreements and could be corrected by the Special Master. Mr. Vega filed his appeal on June 28, 2007.

Class counsel argue that the *CSS* Settlement Agreement requires that USCIS adjudicate a class member's eligibility for legalization, notwithstanding the class member's purported failure to respond to a NOID. Moreover, class counsel argue, USCIS should be compelled to adjudicate Mr. Vega's application on the merits because the USCIS decision was based on Mr. Vega's failure to respond to a NOID which he contends that neither he nor his attorney ever received.

In response, the U.S. Department of Justice argues the Special Master lacks jurisdiction over Mr. Vega's appeal. Defendants contend that the March 12, 2007 Decision is not a denial of an application for class membership under the CSS/Newman Settlement Agreement but, rather, an agency decision denying an application for Temporary Residence under Section 245A of the Immigration and Nationality Act, 8 U.S.C. 1255, which must be appealed to the Administrative Appeals Office (AAO), USCIS.

Defendants further argue that the March 12, 2007 Decision noted that the Missouri Service Center determined that Mr. Vega was prima facie eligible for legalization and is, therefore, a class member. Finally, Defendants represent that Mr. Vega has an I-687 appeal pending with the AAO and a LIFE legalization appeal pending.

In response, class counsel argue that Defendants' opposition fails to address the question as to whether USCIS has adjudicated, and is required by the terms of the Settlement Agreement to adjudicate, Mr. Vega's eligibility for § 245A legalization on the merits. Class counsel argue that there is no legal authority for USCIS's denial of Mr. Vega's application on the ground that he failed to respond to a NOID.

These arguments are addressed in turn, below.

## 1. Jurisdiction of the Special Masters

Paragraph 9 of the Settlement Agreements sets forth the scope of the Special Masters' review under the Settlement Agreements. Paragraph 9B addresses the Special Masters' review of decisions involving the determination of class membership, which is the primary task of the Special Masters.

Paragraph 9C addresses the Special Masters' review of other decisions, specifically those matters in which the applicant believes that "defendants have violated his or her individual rights pursuant to paragraphs 3, 4, 5, 7, 10, 12 or 13" of the Settlement Agreements. Paragraph 9C does not include Paragraph 11, which mandates the "Adjudication of Applications for Temporary Residence."

Paragraph 11 provides, in part, that "Defendants *shall* adjudicate each application for temporary residence filed on Form I-687 in accordance with the provisions of Section 245A of the INA, 8 U.S.C. § 1255a, regulations, and administrative and judicial precedents the INS followed in adjudicating I-687 applications timely filed during the IRCA application period" (emphasis added). Although this Paragraph vests class members with a right to have their applications adjudicated, the Settlement Agreements do not grant the Special Masters jurisdiction to review the Defendants' adjudication of applications for temporary residence.

Paragraph 12(B), however, provides that "Defendants shall use good faith and reasonable efforts to adjudicate subclass members' I-687 Forms within one hundred and eighty (180) days of approval of their application for class membership." The March 12, 2007 Decision noted that Missouri Service Center determined Mr. Vega was prima facie eligible for Legalization pursuant to the *CSS* Settlement Agreement. In other words, the Missouri Service Center determined that Mr. Vega was a class member.

The Special Master has not located any document in the Record of Proceeding (ROP) from the Missouri Service Center. It cannot be disputed, however, that more than 180 days have lapsed since the agency determined that Mr. Vega qualifies as a class member.

As explained below, the Special Master finds that the Defendants did not use "good faith and reasonable efforts to adjudicate" Mr. Vega's application within 180 days of the agency's finding that Mr. Vega qualified as a class member. Settlement Agreements, ¶ 12(B). Accordingly, Paragraph 9C of the Settlement Agreements provides the Special Master with jurisdiction to review Mr. Vega's claim that his rights were violated under paragraph 12(B).

## 2. The March 12, 2007 USCIS Decision

In the March 12, 2007 Decision, USCIS denied Mr. Vega's Application for Temporary Residence under the *CSS/Newman* Settlement Agreement because he did not respond to the NOID, without citing any legal authority for this proposition.

In its letter brief, the Justice Department asserts that the "abandonment regulation," 8 C.F.R. §103.2(b)(13), was not mentioned in the NOID or the March 12, 2007 Decision. This regulation, which gives USCIS the authority to deny applications for immigration benefits as "abandoned" when an applicant fails to respond to a NOID, did not exist until 1991, three years after the application period for amnesty. The regulation cannot be the basis for the USCIS's failure to adjudicate Mr. Vega's application.

Paragraph 11 of the Settlement Agreements mandates that Defendants will adjudicate each application for temporary residence "in accordance with the provisions of Section 245A of the INA, 8 U.S.C. § 1255a, regulations, and administrative and judicial precedents the INS followed in adjudicating I-687 applications timely filed during the IRCA application period." Defendants have not established any legal basis for the USCIS March 12, 2007 Decision denying Mr. Vega's application because he did not respond to the NOID.

Moreover, Defendants' reason for denying Mr. Vega's application – that he failed to respond to the NOID – is flawed. Mr. Vega submitted declarations claiming that neither he nor his lawyer ever received a NOID. In response, Defendants argue that the proper address on the letter gives rise to a presumption of proper mailing, citing *Singh v. Gonzales*, 494 F.3d 1170 (9th Cir. 2007). In *Singh*, the Ninth Circuit acknowledged the presumption that Defendants claim but held that affidavits of non-receipt by both a petitioner and his counsel of record can rebut such a presumption. *Id.* Here, Defendants have neither acknowledged the declarations submitted by Mr. Vega and his attorney nor explained the reasons for concluding the NOID was properly mailed, other than that the agency used the proper address on the letters.

In conclusion, the Special Master finds that Defendants have violated Mr. Vega's rights under Paragraph 12(B) of the Settlements in that they have not timely adjudicated his I-687 Form "in accordance with the provisions of Section 245A of the INA, 8 U.S.C. § 1255a, regulations, and administrative and judicial precedents" within 180 days of the Missouri Service Center's approval of his status as a class member.

## Conclusion

For the reasons set forth above, the Special Master reverses the March 12, 2007 Decision and orders Defendants to adjudicate, forthwith, Mr. Vega's eligibility for legalization on the merits.

Dated: April 19, 2009

Gail Killefer
Special Master

## PROOF OF SERVICE

I certify that I served a copy of the foregoing DECISION OF SPECIAL

MASTER by causing the same to be mailed in the United States mail, first class, postage

prepaid, addressed as follows:

Peter A. Schey, Esq.
Carlos R. Holguin, Esq.
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057

Anthony W. Norwood, Esq.
U. S. Department of Justice, Civil Division
Office of Immigration Litigation
450 5th Street, NW, Room 5030
Washington, DC 20530

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 19, 2009

Gail Killefer

000011

Exhibit 4.1



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Office of Administrative Appeals MS 2090
Washington, DC 20529-2090

**U.S. Citizenship
and Immigration
Services**

JOSE VEGA VEGA
21 DUBLIN STREET
SAN FRANCISCO, CA 94112

FILE:        A93 144 471            Office:  SAN FRANCISCO        Date:  APR 2 8 2009
             MSC 04 297 11478

IN RE:  Applicant:        JOSE VEGA VEGA

APPLICATION:        Application for Status as a Temporary Resident pursuant to Section 245A of the
                    Immigration and Nationality Act, as amended, 8 U.S.C. § 1255a

ON BEHALF OF APPLICANT:

NANCY A. FELLOM
LAW OFFICES OF FELLOM AND SOLORIO
231 SANSOME STREET, 6TH FLOOR
SAN FRANCISCO, CA 94104

INSTRUCTIONS:

This is the decision of the Administrative Appeals Office in your case. If your appeal was dismissed or
rejected, all documents have been returned to the National Benefits Center. You no longer have a case
pending before this office, and you are not entitled to file a motion to reopen or reconsider your case. If your
appeal was sustained or remanded for further action, you will be contacted.

John F. Grissom
Acting Chief, Administrative Appeals Office

A93 144 471
Page 2

**DISCUSSION:** The application for temporary resident status pursuant to the terms of the settlement agreements reached in *Catholic Social Services, Inc., et al., v. Ridge, et al.,* CIV. NO. S-86-1343-LKK (E.D. Cal) January 23, 2004, and *Felicity Mary Newman, et al., v. United States Immigration and Citizenship Services, et al.,* CIV. NO. 87-4757-WDK (C.D. Cal) February 17, 2004, (CSS/Newman Settlement Agreements) was denied by the Director, San Francisco, and is now before the Administrative Appeals Office (AAO) on appeal. The appeal will be rejected.

The director determined that the applicant failed to demonstrate that he continuously resided in the United States in an unlawful status since before January 1, 1982 through the date that he attempted to file a Form I-687, Application for Status as a Temporary Resident, with the Immigration and Naturalization Service or the Service (now U.S. Citizenship and Immigration Services or USCIS) in the original legalization application period of May 5, 1987 to May 4, 1988. Therefore, the director determined that the applicant was not eligible to adjust to temporary resident status pursuant to the terms of the CSS/Newman Settlement Agreements and denied the application.

On appeal, counsel, on behalf of the applicant, asserts that USCIS failed to issue a Notice of Intent to Deny. Counsel also asserts that the applicant was prejudiced by the denial of counsel at an interview in the spring of 2005, several years after a non-restricted Form G-28 was filed. Counsel contends that the applicant submitted extensive evidence in connection with this application. Counsel asserts that a brief and/or evidence will be submitted to the AAO within 30 days of receipt of the record of proceedings.

Pursuant to 8 C.F.R. § 103.2(13), if all requested initial evidence and requested additional evidence is not submitted by the required date, the application or petition shall be considered abandoned and, accordingly, shall be denied.

The record reflects that a Notice of Intent to Deny, dated January 29, 2007, was mailed to the applicant at his address of record. The director determined that the applicant failed to provide sufficient documentation to fulfill the requirements for legalization pursuant to Section 245A of the Immigration and Nationality Act. The director provided the applicant with 30 days in which to provide evidence in rebuttal. The record reflects that no evidence was received. Given this, the application was deemed abandoned and denied for lack of prosecution. Therefore, the appeal must be rejected.

**ORDER:**     The appeal is rejected. This decision constitutes a final notice of ineligibility.

Exhibit 5

U.S. Department of Homeland Security
1241 S. Soto Street
Los Angeles, CA 90023



**U.S. Citizenship
and Immigration
Services**

December 11, 2006

Ruben Sandoval Erazo
1187 E. 43 RD Street
Los Angeles, CA  90011

MSC-06-102-11408
RE:# 093 242215``

Form:` I-687

Re: Application for Status as a Temporary Resident (Form I-687)

### *NOTICE OF DENIAL*

This decision is to notify you that the U.S. Citizenship and Immigration Services (USCIS) have deemed your Application for Status as a Temporary Resident (Form I-687) abandoned and denied.

Upon consideration, it is ordered that the Application for Status as a Temporary Resident (Form I-687) you filed on December 29, 2005, pursuant to the terms of the CSS/Newman settlement agreements be denied for the following reason:

On August 28, 2006, you were issued a NOTICE OF INTENT TO DENY your application. You were given 30 days in which to provide rebuttal evidence in support of your application, to explain discrepancies or rebut any adverse information. A thorough search of Agency records shows that, as of this date, there has been no response to the Agency's notice. Therefore in accordance with Title 8, Code of Federal Regulations, Part 103.2(b) (13), the application is hereby denied due to abandonment.

...If all requested initial evidence and requested additional evidence is not submitted by the required date, the application or petition shall be considered abandoned and, accordingly, shall be denied.

As stated in 8 C.F.R 103.2(b)(15), the decision on your application may not be appealed. However, you may file a motion to reopen, in accordance with 8 C.F.R. 103.5.

If you choose to file a motion to reopen, the motion must be filed with evidence that this decision was in error because:

      (i)      The requested evidence was not material to the issue of eligibility;

000014

(ii)     The required initial evidence was submitted with the application, or the request or initial evidence or additional information or appearance was complied with during the allotted period; or

(iii)    The request for additional information or appearance was sent to an address other than that on the application, or notice of representation, or that the applicant advised the Agency, in writing, of a change of address or change of representation subsequent to filing and before the Agency's request was sent, and the request did not go to the new address.

In reference to 8 C.F.R. 103.5(a), any motion to reopen/reconsider proceeding before the Agency filed by an applicant must be filed within 30 days of the service (or 33 days if mailed) of this decision. If you do not file a motion to reopen within 30 days, the decision to deny your application will be final. A motion to reopen/reconsider shall be submitted by sending a request for motion to reopen/reconsider with a nonrefundable money order of $385.00 made out to U.S. Citizenship and Immigration Services and mailed to:

**USCIS**
**P.O. Box 7219**
**Chicago, IL  60680-7219.**

Since you no longer have an application pending with the Agency, any Employment Authorization (Form I-765) or Advance parole (Form I-131) previously authorized is revoked, and if pending is hereby denied.

Sincerely,

Jane D. Aleshire
District Director
Signed for by:
Ana Covarrubias, OAO

cc:

Exhibit 6

*Office of the District Director*

U.S. Department of Homeland Security
Los Angeles, CA 90023



U.S. Citizenship
and Immigration
Services

**August 28, 2006**

Ruben Sandoval Erazo
1187 E. 43rd Street          **MSC-06-102-11408**
Los Angeles, Ca. 90011       **RE:# 093 242 215**

## NOTICE OF INTENT TO DENY CLASS MEMBERSHIP

The purpose of this letter is to notify you of the intent to deny your application for class membership.

You filed Form I-687 Supplement, CSS/Newman (LULAC) Class Membership Worksheet with your Form I-687 application. The purpose of this worksheet is to determine if you are a class member and eligible to apply for legalization under 8 U.S.C. 1255a, pursuant to the CSS/Newman settlement agreements. Your Class Membership Worksheet was signed and dated on **December 29, 2005.**

Question one of the Class Membership Worksheet asked:

1. During the period between May 5, 1987 and May 4, 1988, did you (or a parent or spouse) visit an office of the former Immigration and Naturalization Service (INS) to apply for legalization, but were turned away because the INS or the Qualified Designated Entity (QDE) believed that (1) you had traveled outside the United States after November 6, 1986, without advanced parole, OR (2) you had traveled outside the United States and returned after January 1, 1982 with a visitor's visa, student visa or any other type of visa or travel document?

Your response to this question was yes. However, in your written and verbal testimony you indicated to the Immigration Officer that you never applied for amnesty program during the period between May 5, 1987 and May 4, 1988, because you didn't have enough evidence and you didn't have money. Thus, it appears you are not eligible for class membership.

You have thirty (30) days from the date of this notice to submit additional written evidence or information to rebut or to explain the discrepancies.

You must mail your response to the address listed at the top of this letter. Also include a copy of this letter. Mark both the envelope and the contents as follows: **Attention: File Number: A93 242 215 Rebuttal LOS SSN Officer Covarrubias.**

Ruben Sandoval
Page 2

Failure to respond to this notice within this allotted period will result in the denial of your application for class membership.

Sincerely,

Jane E. Arellano
District Director
Signed for by:
Ana Covarrubias, DAO

cc:

000017