UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CATHOLIC SOCIAL SERVICES,
INC., - IMMIGRATION PROGRAM,
et al.,

NO. CIV.S-86-1343 LKK/JFM

            Plaintiffs,

    v.                                O R D E R

MICHAEL CHERTOFF, SECRETARY
U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

            Defendants.

_____/

        Julio Cesar Benitez ("Benitez") has filed objections to the special master's decision that he was not entitled to class membership under the court approved settlement agreement in this case. For the foregoing reasons, the court grants Benitez sixty (60) days to present information to the court that his criminal convictions do not bar class membership. If Benitez fails to provide the court with information on this issue, Benitez objections will be overruled.

////

1

# I. BACKGROUND

## A. The Settlement

Under the 1986 Immigration Reform and Control Act, certain aliens could apply for temporary resident status if, *inter alia*, they had resided continuously in the United States since 1982, they were physically present in the United States continuously since November 6, 1986, and they had applied for temporary resident status between May 5, 1987 and May 4, 1988. Reno v. Catholic Soc. Servs., 509 U.S. 43 (1993). Regarding the continuous physical presence requirement, this court held in 1988 that this requirement was met for those applicants who had "brief, casual, and innocent" absences from the country without prior INS approval. After a series of appeals and remands, the parties entered a settlement that was approved in January 2004.

The settlement defined the plaintiff class entitled to relief as:

> A. All persons who were otherwise prima facie eligible for legalization under section 245A of the INA and who tendered completed applications for legalization under section 254A of the INA and fees to an INS officer or agent acting on behalf of the INS, including a QDE, during the period from May 5, 1987 to May 4, 1988, and whose applications were rejected for filing because an INS officer or QDE concluded that they had traveled outside the United States after November 6, 1986 without advance parole.

> B. All persons who filed for class membership under Catholic Social Services, Inc. v. Reno, CIV No. S-86-1343 LKK (E.D. Cal.), and who were otherwise prima facie eligible for legalization under Section 245A of the INA, who, because an INS officer or QDE concluded that they had traveled outside the United States after November 6, 1986 without advance parole were informed that they were ineligible for legalization, or were

2

> refused by the INS or its QDEs legalization forms, and for whom such information, or inability to obtain the required application forms, was a substantial cause of their failure to timely file or complete a written application.

Joint Motion to Approve Settlement of Class Action, Dec. 1, 2003, Ex. 1 ("Settlement") ¶ 1. The settlement set forth a process for determination of whether an individual was a member of the plaintiff class. The individual is to submit an application for class membership and application for status as a temporary resident, with supporting documentation, to the defendants. Id. ¶ 4. The defendants grant class membership applications if "it appears more probable than not that the applicant meets the class definition." Id. ¶ 6. Prior to denying an application, the defendants must forward to the applicant or his or her representative "a notice of intended denial explaining the perceived deficiency in" the application. Id. ¶ 7. The applicant then has thirty days to submit additional evidence or otherwise remedy the deficiency. Id.

If, after this, the application is denied, the defendants must send a copy of the notice of denial to the applicant, his or her attorney, and class counsel. Id. ¶ 8. The applicant may appeal the denial to a special master. Id. ¶¶ 8-9.

The special master is a person selected by both parties.[1] Id. ¶ 9.A. The purpose of the special master selected by the

---

[1]Although the court recommended Magistrate Judge Moulds as the special master, this was replaced with the parties' agreement to a third-party special master as described in the settlement agreement. See Order, April 2, 2003 at 2; Settlement ¶ 9.

3

1  parties is to review decisions of denials of class membership

2  and other of defendants' decisions. Id. ¶ 9.A-B. The settlement

3  sets forth that the special master's review of the denial of an

4  application for class membership shall be based on the

5  documentary evidence the applicant provided to the defendants.

6  Id. ¶ 9.B. It also describes the allocation of the special

7  master's fees. Id.

8  **B.   Procedural Posture of Benitez's Claim**

9      In December 2005, Petitioner Julio Cesar Benitez

10  ("Benitez") applied for class membership under the settlement

11  approved by the court on January 23, 2004. On October 23, 2006,

12  Benitez interviewed with the U.S. Citizenship and Immigration

13  Services ("USCIS") concerning his application. On April 4, 2007,

14  USCIS sent Benitez a Notice of Intent to Deny Class Membership

15  ("NOID"), stating that Benitez was not eligible for class

16  membership because (1) he did not leave the country between

17  1987-1988 and (2) he had several misdemeanor and felony

18  convictions. The NOID provided that Benitez had thirty (30) days

19  to submit "additional written evidence or information to rebut

20  or to explain the discrepancies." It appears that Benitez did

21  not submit any additional evidence or information.  On May 22,

22  2007, USCIS sent Benitez a Notice of Denial of Class Membership

23  ("NOD"), for the same reasons expressed in the NOID. On June 22,

24  2007, Benitez appealed USCIS's decision to the Special Master,

25  indicating that his application was denied because of prior

26  criminal convictions. On July 28, 2009, the special master

1  denied Benitez's appeal. On August 24, 2009, Benitez filed

2  objections to the special master's decision in this court pro

3  se. On September 1, 2009, defendants filed an opposition to

4  Benitez's objections. Plaintiffs have not filed a brief in

5  support or in opposition to Benitez's objections.

### II. STANDARD OF REVIEW

7      Pursuant to this court's November 12, 2008 order, Doc. No.

8  667, "objections to the special master's denial of an

9  application for membership to the plaintiff class will result in

10 the special master's decision being reviewed de novo." This

11 standard of review is based upon Federal Rule of Civil Procedure

12 53, which governs appointments of special masters.

### III. ANALYSIS

14     Benitez raises several arguments in his objections; he also

15 seeks to introduce new evidence in support of his claim for

16 class membership. In essence, Benitez claims that during his

17 USCIS interview, the officer intimidated and confused him.

18 Ultimately, Benitez claims, this officer convinced Benitez to

19 alter his application for class membership to indicate that he

20 did not leave the country between 1987 and 1988. Benitez also

21 seeks to introduce new evidence concerning his absence from the

22 country during this critical time period. This evidence includes

23 a letter dated August 10, 2009, from the Director of a

24 construction company in Mexico stating that Benitez worked for

25 him from January 3 to January 15, 1988 and a declaration from

26 Benitez clarifying the facts relevant to his objections.

1    Benitez does not, however, present any evidence or

2    arguments concerning his criminal convictions. Class members

3    must be "eligible for legalization under Section 245A of the"

4    Immigration and Nationality Act (INA), 8 U.S.C. § 1255a.

5    Settlement ¶ 1. Section 245A requires that an alien "has not

6    been convicted of any felony or of three or more misdemeanors

7    committed in the United States." Id. at 8 U.S.C. §

8    1255a(a)(4)(B). In Benitez's appeal to the special master, he

9    indicated that he would be submitting a brief that argued, not

10   only that Benitez left the country between 1987-1988, but also

11   the following:

         a. Mr. Benitez's 1985 conviction in the Los Angeles
12       Municipal Court was arguably only a misdemeanor, not a
         felony. Counsel[2] will be investigating the possibility
13       that Mr. Benitez was not advised by the judge of the
         immigration consequences of pleading guilty, and thus,
14       a motion to vacate the conviction may be appropriate.
         Also because this was his first drug offense when he
15       was 19 years old, he may have been eligible for an
         expungement under the Federal Youthful Offender Act or
16       Federal First Offender Act, which would eliminate the
         use of this conviction for immigration purposes under
17       Ninth Circuit law.

18       b. Mr. Benitez asserts that he was never convicted in
         1984 for the misdemeanor of tampering with a vehicle
19       and/or taking a vehicle without [sic] owner's consent.

20       When the above is taken int account, it will be seen
         that Mr. Benitez was only convicted of one
21       misdemeanor: on July 25, 1987 in Montgomery County
         District Court, Maryland, for unlawful possession of a
22       controlled substance.

23   Attachment to Question 4, Benitez's Appeal to Special Master of

24

25   _____

26       [2] Benitez had counsel for his special master appeal, but has
     filed his objections to this court pro se.

                                    6

1   Denial of Class Membership. It is unclear to the court whether
2   such a brief was ever submitted to the special master.

3       Nonetheless, because the issue of whether Benitez is an
4   admissible alien who was absent from the country at the critical
5   time is determinative as to whether Benitez is entitled to class
6   membership, and because the court cannot be certain as to
7   whether it has sufficient and up-to-date information to conclude
8   whether Benitez is admissible, the court orders that Benitez
9   submit a supplemental brief concerning this issue within 60 days
10  of the issuance of this order. This brief must describe the
11  reasons why Benitez's criminal convictions do not make him
12  inadmissible under 8 U.S.C. § 1255a(a)(4)(B) and any other
13  applicable requirements under the settlement agreement.
14  Specifically, Benitez must describe all of his criminal
15  convictions, the current status of these convictions (i.e.
16  whether they are expunged), and why he is admissible under INA §
17  245A despite these convictions. If Benitez fails to timely
18  submit a brief, the court will issue an order overruling
19  Benitez's objections. However, if Benitez submits a brief,
20  plaintiffs and defendants will have 15 days to file a response,
21  in opposition or in support of Benitez's brief. Benitez will
22  then have 30 days to file a reply to any response filed.

23                          **IV. CONCLUSION**

24      For the foregoing reasons, the court orders the
25  following:

26          (1) Benitez must file a supplemental brief on whether

1  his criminal convictions preclude him of class membership within
2  sixty (60) days from the date of this order.

3         (2) If Benitez fails to timely submit this brief, the
4  court will overrule Benitez's objections.

5         (3) Plaintiffs and defendants may file a response,
6  either in opposition or in support of Benitez's brief, due
7  fifteen (15) days after Benitez's brief is filed.

8         (4) Benitez may file a reply to any response filed due
9  thirty (30) days after the response is filed.

10        IT IS SO ORDERED.

11        DATED:  November 17, 2009.

14  _____
    LAWRENCE K. KARLTON
15  SENIOR JUDGE
    UNITED STATES DISTRICT COURT