1 | BENJAMIN B. WAGNER
2 | United States Attorney
3 | 501 I Street
  | Suite 10-100
4 | Sacramento, CA 95814-2322
5 | Telephone: (916) 554-2700

6 | Attorneys for Defendants (additional counsel on continuation page)

7 | CENTER FOR HUMAN RIGHTS & CONSTITUTIONAL LAW
8 | Carlos Holguin
9 | Peter A. Schey
  | 256 S. Occidental Blvd.
10 | Los Angeles, CA 90057
11 | Telephone: (213) 388-8693, ext. 302

12 | Attorneys for Plaintiffs (additional counsel on continuation page)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
WESTERN DIVISION

| CATHOLIC SOCIAL SERVICES, (CENTRO DE GUADALUPE IMMIGRATION CENTER), et al., | ) ) ) ) | Case No. Civ S 86-1343 LKK |
|---|---|---|
| Plaintiffs | ) ) ) ) ) | STIPULATION AND ORDER OF PROTECTION REGARDING PRIVACY ACT INFORMATION AND INFORMATION COVERED |
| JANET NAPOLITANO, Secretary of Department of Homeland Security, et al., | ) ) ) ) | 8 U.S.C. § 1255A(c)(5)  DATE: N/A |
| Defendants | ) ) | |

Additional counsel for Defendants:

TONY WEST
Assistant Attorney General
Civil Division

TERRI J. SCADRON
Assistant Director
ANTHONY W. NORWOOD
Senior Litigation Counsel
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone:   (202) 616-4883
Facsimile:   (202) 305-7211

Additional counsel for Plaintiffs:

GIBBS, HOUSTON & PAUW
Robert H. Gibbs
Robert Pauw
1000 Second Ave., Suite 1600
Seattle, WA 98104
Telephone: (206) 224-8790
(Pro Hac Vice)

ASIAN LAW CAUCUS
Ivy Lee
720 Market Street
San Francisco, CA 94102
Telephone: (415) 391-1655

Plaintiffs, by and through their attorneys, and Defendants, by and through their attorneys, stipulate and agree to the following:

1. This Stipulation and Order is agreed to and entered pursuant to Fed. R. Civ. P. 26(c), which provides for the issuance of protective orders limiting the disclosure of privileged and confidential documents and information in appropriate circumstances, and 5 U.S.C. § 552a(b)(11) and (g)(1), which provide an exception to the Privacy Act of 1974 for documents and information released pursuant to a court order.

2. This Stipulation and Order relates to a class action brought pursuant to Section 245A of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255a (legalization applications); 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 2201 (the Declaratory Judgment Act); and 5 U.S.C. § 701 (the Administrative Procedures Act). The class action challenges Defendants' procedures for the adjudication of INA Section 245A legalization applications.

3. The Settlement Agreement dated January 23, 2004, and a subsequent Order of the Court dated May 18, 2010 ("2010 Order"), contemplate the disclosure of documents and information that may be protected from release by the Privacy Act of 1974, 5 U.S.C. § 552(a) and/or by 8 U.S.C. § 1255a(c)(5). Specifically, the 2010 Order provides that United States Citizenship and Immigration Services ("USCIS") will provide class counsel with notices and decisions which may

contain identifying information on legalization applicants, i.e. name, date and place of birth, last known mailing address, Social Security Number, counsel name and contact information and other available identifying information.

4.     While disclosure of such information ordinarily is prohibited in civil litigation, the Privacy Act provides, as an exception, that such records may be released "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. § 552a(b)(11). An order of this Court, therefore, would provide a basis for release of the requested information pursuant to the Privacy Act and Fed. R. Civ. Pro. 26(c), as well as insulate Defendants from potential liability for improper disclosure. See 5 U.S.C. § 552a(g)(1).

5.     While INA Section 245A(c)(5) ordinarily limits the disclosure of information furnished by an applicant in a legalization application, an order of this Court would provide a basis for release of the requested information and insulate Defendants from potential liability for improper disclosure. See Zambrano v. INS, 972 F.2d 1122 (9th Cir. 1992), vacated on other grounds, 509 U.S. 918 (1993).

The purposes of this Stipulation and Order include protecting the confidentiality of certain information while ensuring that the parties are able to quickly and accurately identify and contact potential class members and provide them the relief they may be entitled to under the Settlement Agreement and the 2010 Order, as well as to monitor compliance with the Settlement Agreement and

Case 2:86-cv-01343-JAM-JFM   Document 698   Filed 01/05/11   Page 5 of 11

the 2010 Order. Accordingly, the parties, subject to the Court's approval, stipulate and agree that the procedures set out in the ensuing paragraphs shall be followed with respect to information provided by Defendants pursuant to the Settlement Agreement and the 2010 Order.

6. All information provided pursuant to the Settlement Agreement and the 2010 Order shall be used solely in connection with this lawsuit. No information may be released or disclosed to any person other than:

    a. the potential class member the information relates to or Class Counsel in this action, or other counsel or representative of the class member;

    b. secretaries, paralegal assistants, and other employees and agents of Class Counsel who are engaged in assisting Class Counsel in the preparation of this action;

    c. outside consultants and experts consulted or retained for the purpose of assisting in the preparation of this action, upon condition that, before making disclosure, Class Counsel must obtain and retain an agreement in writing from the outside expert or consultant reciting that he or she has read a copy of this Stipulation and Order and agrees to be bound by its provisions; and

    d. any other person mutually authorized by all counsel to examine such information and materials.

7. Any person having access to the information disclosed by Defendants pursuant to the Settlement Agreement and the 2010 Order, such as paralegals or other staff or agents of Plaintiffs' counsel, shall be informed that the information is confidential and subject to a non-disclosure Order of the Court. No such person

5

shall release or disclose the information to any person other than those specifically identified in paragraph 6, above, without further order of the Court or stipulation of the parties.

8. If Class Counsel intends to file any motion, opposition, reply or any other filing with the Court and attach thereto or set forth therein any document or information that Defendants have provided pursuant to the Settlement Agreement or the 2010 Order, Class Counsel shall file the document under seal or redact identifying information.

9. Within sixty days following the end of the period specified in Paragraph 16 of the Settlement Agreement, any originals or reproductions of any the information provided by Defendants under the Settlement Agreement and this Stipulation and Order shall be destroyed by Class Counsel or returned to the custody of counsel for the Defendants. If the documents are destroyed, Class Counsel shall so notify Defendants' counsel in writing. Individual class members may retain documents pertaining to their claims obtained from Class Counsel.

10. Any specific part or parts of the restrictions imposed by this Stipulation and Order may be terminated at any time by a letter from counsel for Defendants to Class Counsel or by order of the Court.

| | |
|---|---|
| /s/ Carlos Holguin | /s/Anthony Norwood |
| CARLOS HOLGUIN | ANTHONY NORWOOD |
| Center for Human Rights and Constitutional Law | Office of Immigration Litigation Box 878 |
| 256 S. Occidental Blvd. | Washington, DC 20044 |
| Los Angeles, CA | |
| | |
| Counsel for Plaintiffs | Counsel for Defendants |

The parties having stipulated, it is hereby ORDERED as follows:

1. Notwithstanding any other provision of the Privacy Act, 5 U.S.C. § 552a, et seq., United States Citizenship and Immigration Services ("USCIS"), its officers, agents, employees and representatives are hereby authorized under 5 U.S.C. § 552a(b)(11) to release to Class Counsel the information identified under the Settlement Agreement and the 2010 Order.

2. Notwithstanding any provision of 8 U.S.C. § 1255A(c)(5), USCIS, its officers, agents, employees and representatives are hereby authorized to release to Class Counsel the information called for under the Settlement Agreement and the 2010 Order.

3. Class Counsel shall utilize such information only for the purpose of locating potential class members in order to notify them of their rights under the Settlement Agreement and the 2010 Order, and to monitor compliance with the Settlement Agreement and the 2010 Order, and shall make no further disclosure of such information beyond what is necessary to accomplish these purposes.

4. The USCIS, its officers, agents, employees and representatives are hereby relieved of any obligation under 5 U.S.C. § 552a(c) to make or keep any accounting of any disclosure or, under 5 U.S.C. § 552a(e)(8), to provide notice of any disclosure to any individual, made under the authority of this Order.

5.  The purpose of this order is to enable the USCIS its officers, agents, employees and representatives to provide information which they might otherwise be prohibited from disclosing under the Privacy Act, 5 U.S.C. § 552a and/or 8 U.S.C. § 1255a(c)(5). However, it is understood and agreed that this Order does not constitute an agreement or a ruling that any particular evidence is discoverable, relevant or admissible in this matter, or any other matter. Nor, except in so far as may be necessary to ensure that any disclosure does not violate any provision of 8 U.S.C. § 1255a(c)(5), may this Order be construed to compel any further action on the part of the USCIS or any of its officers, agents, employees or representatives in this matter, or any other matter. Both parties retain the right to move the Court to modify, clarify, or vacate this Order.

Dated: January 5, 2011

| | |
|---|---|
| BENJAMIN B. WAGNER<br>United States Attorney<br>501 I Street<br>Suite 10-100<br>Sacramento, CA 95814-2322<br>Telephone: (916) 554-2700 | TONY WEST<br>Assistant Attorney General<br>Civil Division<br><br>TERRI J. SCADRON<br>Assistant Director<br><br>/s/ Anthony W. Norwood<br>ANTHONY W. NORWOOD<br>U.S. Department of Justice<br>Office of Immigration Litigation<br>P.O. Box 878, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 616-4883<br><br>Attorneys for Defendants// |

9

Dated: January 5, 2011

CENTER FOR HUMAN RIGHTS &
CONSTITUTIONAL LAW
Carlos Holguin
Peter A. Schey
256 S. Occidental Blvd.
Los Angeles, CA 90057
Telephone: (213) 388-8693, ext. 302

GIBBS, HOUSTON & PAUW
Robert H. Gibbs
Robert Pauw
1000 Second Ave., Suite 1600
Seattle, WA 98104
Telephone: (206) 224-8790

/s/ Carlos Holguin

Attorneys for Plaintiffs

### ORDER

It is so ordered.

Dated: January 5, 2011.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

**CERTIFICATE OF SERVICE**

I hereby certify that on this January 5, 2011, two copies of the foregoing document were served by U.S. Mail, addressed to:

    Peter Schey, Esq.
    Carlos Holguin, Esq.
    Center for Human Rights & Constitutional Law
    256 S. Occidental Blvd.
    Los Angeles, California 90057

    Gibbs, Houston & Pauw
    Robert Gibbs
    Robert Pauw
    1000 Second Street
    Suite 1600
    Seattle, WA 98104

                                    s/ Anthony W. Norwood