1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   CATHOLIC SOCIAL SERVICES,          No. CIV. S-86-1343 LKK/JFM
     INC., IMMIGRATION PROGRAM,
12   et al.,

13              Plaintiffs,             **ORDER**

14        v.

15   JEH JOHNSON, Secretary of
     Department of Homeland
16   Security, et al.,

17              Defendants.

18

19        By order filed August 26, 2013, defendants were ordered to

20   pay the Special Master $5,750.00 for outstanding invoices

21   representing 92 appeals and "reasonable fees and costs" incurred

22   by the Special Master in securing that order.  Order filed August

23   26, 2013 (ECF No. 726).  On July 8, 2014, the Special Master

24   filed a request for reasonable attorney's fees in the amount of

25   $26,475 (ECF No. 727).  On July 22, 2014, the court granted the

26   request and entered an order directing defendants to pay the

27   Special Master reasonable attorney's fees in the amount of

28

                                  1

1  $26,475 (ECF No. 729).  On July 24, 2014, defendants filed a

2  response to the Special Master's request and a request for

3  reconsideration of the court's July 22, 2014 order (ECF No. 730).

4  By order filed July 25, 2014, the Special Master was granted ten

5  days to file a response to defendants' request for

6  reconsideration (ECF No. 731).  On August 1, 2014, the Special

7  Master filed his response (ECF No. 732).

8      The dispute at bar stems from defendants' failure to pay

9  their share of the cost of 92 appeals adjudicated by the Special

10  Master pursuant to the settlement agreement in this case.  The

11  settlement agreement in this case makes specific provision for

12  the Special Master's compensation for adjudicating such appeals.

13  See Settlement Agreement at ¶ 9.  The Special Master and

14  defendants are in agreement that said provision does not govern

15  the instant dispute.

16      The court has already determined that the Special Master is

17  entitled to reasonable fees and costs associated with obtaining

18  the August 26, 2013 order.  See Order filed August 26, 2013 (ECF

19  No. 726).  Defendants concede that the Special Master is entitled

20  to a reasonable fee.  Defs.' Resp. (ECF No. 730) at 9.

21  Defendants do not object to the hours spent by the Special Master

22  on this dispute.  See id. at 7.  The sole dispute is what hourly

23  rate is proper.

24      The Special Master seeks compensation at a rate of $500 per

25  hour, which he represents is "far below his normal market rate."

26  Special Master's Resp. (ECF No. 732) at 1.  Defendants contend he

27  should be compensated at the statutory rate provided in the Equal

28  Access to Justice Act, 8 U.S.C. § 2412(d) (EAJA), which they

1   contend is "applied in most immigration related fee awards."

2   Defs. Resp. (ECF No. 730) at 3.   The Special Master argues that

3   the court's authority to award fees arises its' "inherent power

4   to administer settlement between the parties" pursuant to Fed.

5   Civ. P. 53 and the dispute at bar does not fall within the ambit

6   of EAJA.

7        The court agrees that the authority to award attorneys' fees

8   to the Special Master in the present dispute arises from Rule 53.

9   In particular, Rule 53(g)(1) provides that

10              Before or after judgment, the court must fix
                the master's compensation on the basis and
11              terms stated in the appointing order, but the
                court may set a new basis and terms after
12              giving notice and an opportunity to be heard.

13

14  Fed. R. Civ. P. 53(g)(1).

15       The dispute at bar requires an additional basis for

16  compensating the Special Master, and the parties have been given

17  notice and an opportunity to be heard on the matter.   As noted

18  above, the settlement agreement does not cover hourly rates for

19  the Special Master in the circumstance at bar.   The court must,

20  therefore, determine a reasonable hourly rate for this matter.

21  In making this determination, the court takes its guidance from

22  the requirement for fee awards under 42 U.S.C. § 1988 that the

23  reasonable hourly rate be "calculated according to the prevailing

24  market rates in the relevant community."   Blum v. Stenson, 465

25  U.S. 886, 895 (1984).   Here, the relevant community is the

26  community of Special Masters who serve this court.   Currently,

27  this court has one Special Master who is compensated at an hourly

28  rate.   In Coleman v. Brown, 90-0520 LKK/DAD, the Special Master

1   is compensated at an hourly rate of $260.00 hour.[1]   The court

2   finds that $260.00 per hour is a reasonable hourly rate for Mr.

3   Boswell's work on the instant fee petition.

4        There being no dispute over the number of hours claimed by

5   the Special Master, which total 61.45, defendants will be ordered

6   to pay the Special Master reasonable fees associated with

7   obtaining the August 26, 2013 order and this order in the amount

8   of $15,977.00.

9        In accordance with the above, IT IS HEREBY ORDERED that:

10       1.   Defendants' July 24, 2014 motion for reconsideration of

11   this court's July 22, 2014 order is granted in part;

12       2.   Defendants are ordered to pay the Special Master

13   reasonable fees associated with obtaining the August 26, 2013

14   order and this order in the amount of $15,977.00.

15       DATED:   August 28, 2014.

16

17

18

19                          LAWRENCE K. KARLTON
                            SENIOR JUDGE
20                          UNITED STATES DISTRICT COURT

21

22

23

24

25

26

27   [1] The services of the Special Master in Valdivia v. Brown, No. 94-0671 ended
     in 2013, when that case was terminated.  Prior to termination, the Special
     Master in Valdivia was compensated at an hourly rate of $200.00 per hour.  See
28   ECF No. 1858-1.

4